Irving Lang, J.
The defendant was indicted on December 19, 1969 and charged with grand larceny, forgery, and other related crimes, in a 33-count indictment. These charges arose out of certain business dealings between the defendant and the Humaii Resources Administration of the City of New York. On Janu *218 ary 21, 1970 the defendant pleaded guilty to grand larceny in the first degree, offering a false instrument for filing in the first degree and criminal possession of a forged instrument in the second degree. Sentence was deferred until August 16, 1972, during which time the defendant paid approximately $9,000 to the Office of Probation as partial restitution. On August 10, 1972 the defendant executed a confession of judgment in favor of the City of New York in the amount of $23,515, based on “ the facts and circumstances underlying indictment #4006/69.” On August 16, 1972 the defendant was sentenced to five years’ probation. Amongst the conditions of such sentence were the repayment of moneys due and supervision by the Probation Office.*
On June 9, 1972 some two months prior to sentence the defendant filed a petition in bankruptcy in the District Court for the Southern District of New York. The New York City Human Resources Administration was listed therein as a priority creditor for an unknown amount. An order of discharge in bankruptcy was entered on September 4,1973.
The defendant now moves this court for an order discharging him from the condition of probationary supervision on the grounds (1) the discharge in bankruptcy removed defendant’s legal obligation to make further restitution and (2) medical and employment reasons.
A discharge in bankruptcy has no effect whatsoever upon a condition of restitution of a criminal sentence. A bankruptcy proceeding is civil in nature and is intended to relieve an honest and unfortunate debtor of his debts and to permit him to begin his financial life anew (Matter of Munford, 255 F. 108). A condition of restitution in a sentence of probation is a part of the judgment of conviction. It does not create a debt nor a debtor-creditor relationship between the persons making and receiving restitution. As with any other condition of a probationary sentence it is intended as a means to insure the defendant will lead a law-abiding life thereafter (Penal Law, § 65.10).
It would thus be against our statute and public policy to permit a defendant who has received illegal gains and who is ordered to make restitution as a condition of his sentence to vacate such a condition by a discharge in bankruptcy.
While it is not necessary for this court to consider the effect of a discharge in bankruptcy upon the confession of judgment *219 which the defendant executed, it should be noted that the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. [2]) specifically exempts ‘ ‘ liabilities for obtaining money or property by false pretenses or false representations ” from discharge and the charges and conviction here were based on acts involving larceny and fraud. Furthermore, the failure of the Human Resources Administration to object to a discharge does not bar them from subsequently asserting their claim as not affected by the discharge (Matter of Weitzman, 11 F. 2d 897; Matter of Galich v. Sibley, Lindsay & Curr Co., 59 Misc 2d 836).
The purpose of opr bankruptcy laws is humane in nature. They set forth the policy of our Government to aid individuals from being totally crushed under a mountain of debt. They are not, however, the last refuge for a thief seeking a loophole to avoid criminal responsibility.
In any event, at the time of the pronouncement of sentence, it was the sentencing court’s intention that restitution be made independent of the defendant’s civil liabilities under the confession of judgment. Any modification of such condition is in the discretion of this court (Penal Law, §§ 65.00, 65.10). In view of my holding here and the absolute absence of any other facts even remotely requiring the necessity of the dispensing of probationary supervision, the motion is denied.

 The original sentence was imposed by another Justice who disqualified himself. from the instant motion, which was referred to this court by the Administrative Judge.