Benjamin E. Lander, J.
The information herein charges the defendant corporation, Topping Brothers, Inc., and the individual defendant, Charles Gibson, as president of the corporate defendant, with violation of section 198-c of the Labor Law, as implemented by section 198-a of the Labor Law in that the defendant corporation, as employer, failed to pay or provide for the payment of benefits or wage supplements, consisting of severance pay and vacation pay, within the time period provided by law, as agreed to by said employer according to the terms of a union contract entered into between the corporate defendant and *261 General Warehousemen Union Local 852, IBT, and that the individual defendant knowingly permitted said corporation to fail to pay such wage supplements.
The corporate defendant failed to appear by counsel at arraignment and was therefore adjudged guilty pursuant to CPL 600.20. The individual defendant, Charles Gibson, appeared and now moves to dismiss the complaint against him on the ground that the offense charged against him is legally and factually unfounded.
The facts of this case are as follows:
Charles C. Carlson, upon whose behalf the instant action is being brought, was employed by the defendant corporation from December 17, 1946 to the end of October, 1972 and represented by Local 852 of the General Warehousemen’s Union. The collective bargaining agreement between the union and Topping Brothers provided that: “When an employee’s employment is terminated by the Employer because of a termination of the business, or because of a change in operation resulting in a permanent reduction in the number of such employees within the bargaining unit, or because of a recession period and being laid off, the Employer shall grant a severance allowance to each such employee in accordance with the formula set forth below except that where the termination is caused by any of the following reasons beyond the control of the Employer: fire, flood, voluntary resignation, or retirement, such employees shall not be entitled to severance pay allowance.”
Carlson, whose employment terminated on October 27, 1972 did not receive any severance pay. On November 1, 1972 the corporation filed a petition for voluntary bankruptcy in United States District Court for the Southern District and was duly adjudicated bankrupt. The individual defendant now contends that the bankruptcy proceedings in Federal court divest State courts of jurisdiction in criminal proceedings based on nonpayment of wages and supplemental benefits and that, further, the collective bargaining agreement relieved the corporate defendant from liability to pay fringe benefits in the event of a determination of bankruptcy.
The papers submitted on behalf of both the defendant Gibson and the People discuss in some detail the issue of whether bankruptcy proceedings in a Federal court preclude criminal actions in a State court. In fact, a discharge in bankruptcy has no effect whatever on criminal proceedings, either in State or Federal court. Section 198-c of the Labor Law is a criminal statute whose violation constitutes a misdemeanor and carries with it *262 criminal sanctions. Consequently, it does not create a financial debt between private individuals, but rather a duty to the People of the State of New York which, if not complied with, in this instance may result in a sentence of imprisonment for not more than one year and/or a fine of not less than $100 nor more than $10,000. There is. no question that a civil proceeding does not bar a criminal prosecution. (People v. Snyder, 90 App. Div. 422; City of Buffalo v. Till, 192 App. Div. 99; and People v. Gibbs and Cox, 74 Misc 2d 242.) But more than that, the purpose of the bankruptcy laws is to assist individuals from being completely overwhelmed by their debts and not to provide them with a means to avoid criminal responsibility for their actions.
As the court stated in People v. Mosesson (78 Misc 2d 217, 218), in a case in which it was held that a discharge in bankruptcy does not remove a defendant’s obligation to make further restitution as a condition of a sentence of probation, a 11 bankruptcy proceeding is civil in nature and is intended to relieve an honest and unfortunate debtor of his debts and to permit him to begin his financial life anew (Matter of Munford, 255 F. 108). A condition of restitution in a sentence of probation is a part of the judgment of conviction. It does not create a debt nor a debtor-creditor relationship between the persons making and receiving restitution.” Thus, there is no validity at all to defendant’s argument on this point.
Further, defendant Gibson’s other contention that, according to the union agreement, the corporation was under no obligation to pay fringe benefits should it become bankrupt, this court is of the opinion that what is involved heré is a conflicting interpretation of the contract which can only be resolved upon a full factual presentation before the court at trial and not on a motion to dismiss. The primary function of a trial is, after all, to provide a forum for reaching a determination as to disputed factual questions.
Consequently, the defehdant’s motion is denied in full.