**In re Karl W. STRASSMANN and Erika Strassmann, Debtors.**

**Karl W. STRASSMANN, Plaintiff,**

**v.**

**DU–ART FOODS, INC., Defendant.**

**Bankruptcy No. 81–01838 T.
Adv. No. 81–0558.**

United States Bankruptcy Court,
E. D. Pennsylvania.

March 16, 1982.

James R. Leonard, Jr., Lancaster, Pa., for plaintiff.

Norman M. Yoffe, Harrisburg, Pa., for defendant.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Upon debtors' application, this Court issued a temporary restraining order enjoining state court prosecution against debtors on a bad check complaint. Debtors filed a complaint to determine dischargeability of the underlying debt pursuant to our order. For reasons hereinafter given, we hold that the debt is dischargeable and permanently enjoin prosecution on the debt against the debtors in the state courts.[1]

The facts of this case are not in dispute. The plaintiff-debtors, Karl W. Strassmann and Erika Strassmann, issued a check in the amount of $957.48 to the defendant, Du-Art Foods, Inc., in the course of transacting business on February 27, 1981. Defendant filed a "bad check" criminal complaint against plaintiffs on April 27, 1981 in the district justice court of Dauphin County,

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

Pennsylvania; at the same time, it filed a civil action in assumpsit based upon the same check. On May 14, 1981, plaintiffs filed a petition in bankruptcy.

In response to plaintiff's application, we temporarily enjoined the state court prosecution of the plaintiff. We required the plaintiff to file the within complaint in order to bring the issue of dischargeability before us. However, defendant admits that plaintiff's debt is fully dischargeable at paragraph 10 of their answer. The issue framed by the pleadings is whether it is proper for this Court to enjoin state court criminal proceedings under the factual circumstances of this case.

The authority to enjoin the state court proceeding is specifically granted to this Court at 11 U.S.C. 105(a), which states "[T]he bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The use of § 105(a) to extend the reach of the automatic stay provisions of 11 U.S.C. § 362 was expressly sanctioned by the drafters. The legislative history of 11 U.S.C. § 362(b) notes that the "court has ample other powers to stay actions not covered by the automatic stay. Section 105 . . . grants the power to issue orders necessary or appropriate to carry out the provisions of title 11." House Report No. 95–595, 95 Cong., 1st Sess. (1977) 342–3; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 51–2, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5837, 6298.

Our inquiry is directed to the need or appropriateness of injunctive relief to further the purposes of the Bankruptcy Code. If the state criminal prosecution were permitted to proceed, defendant would be able to subvert the intent of the legislators of the Code to provide the debtors with a fresh start. The defendant concedes that an order of restitution is a common result of bad check proceedings and one which it would welcome. The plaintiff would be placed in the position of paying this admittedly dis-

chargeable debt or facing imprisonment for contempt for failure to make restitution. Defendant would have gained an unfair advantage over other unsecured creditors by means of this sentence. In order to avoid this result, the state court proceeding must be enjoined.

The cases which have considered the issue before us have reached a similar conclusion.[2] Defendant asks us to distinguish the within case from those we follow because it filed its criminal complaint prior to the filing of a petition in bankruptcy and, therefore, cannot be said to be using the state courts to retaliate against the debtor for the bankruptcy. We recognize that defendant was not attempting to fit through a perceived loophole in the automatic stay at § 362(b) at the time that the prosecution was initiated. Nonetheless, the effect of allowing the criminal process to take its course would be to frustrate this Court's mandate to relieve debtors from the burden of dischargeable debts and to accord equal treatment to creditors within each category. The timing of the filing of the criminal complaint cannot be the dispositive element in this case. In *In re Lake* the creditors had also filed bad check charges prior to the debtors' bankruptcy. The Court found that state court proceedings on the charges must be enjoined in order to protect the debtors from "an impermissible and unlawful infringement upon the benefits granted [by the Bankruptcy Code]." *In re Lake*, 11 B.R. 202, 204 (S.D.Ohio 1981).

In the case at bar, as in the cases cited above, the state court criminal proceedings were being prosecuted by means of a private criminal complaint rather than by state officials. The true intent of the proceedings is to produce a recovery for the creditor rather than to vindicate the citizens of the Commonwealth of Pennsylvania. We cannot allow the defendant to obtain payment on its dischargeable debt by this means. This would subvert the purposes of the Bankruptcy Reform Act of 1978, 11

---

**2.** *In re Caldwell,* 2 C.B.C.2d 1178, 5 B.R. 740 (W.D.Va.1980); *In re Penny,* 414 F.Supp. 1113 (W.D.N.C.1976).

**348**

U.S.C. § 101 et seq. For these reasons, we find that plaintiff's debt is dischargeable and we permanently enjoin and stay the defendant from continuing or commencing criminal proceedings against the plaintiff on the debt and check discussed in this opinion.