STATE of Iowa, Appellee,

v.

Timothy John ANGLE, Appellant.

No. 83–141.

Supreme Court of Iowa.

Aug. 22, 1984.

Charles L. Harrington, Appellate Defender, and LuAnn White, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, LARSON, and CARTER, JJ.

CARTER, Justice.

Defendant, Timothy John Angle, appeals from conviction and sentence for two counts of theft in the first degree, Iowa Code sections 714.1(3) and 714.1(5) (1981).

Defendant was convicted by jury verdict. He does not challenge the sufficiency of the evidence to sustain those verdicts. The legal errors assigned are: (1) whether the trial court unduly limited defendant's right of cross-examination of the State's only witness; (2) whether a mistrial should have been declared as a result of reference by the State to defendant's failure to testify; (3) whether defendant's trial counsel was ineffective as a result of his failure to withdraw from the case and become a witness; and (4) alleged sentencing errors with respect to the amount of restitution ordered to be paid by defendant and the length of the period of probation. Facts which are pertinent to these legal contentions are reviewed in our discussion of the separate issues to which they relate.

I. *Extent of Cross-Examination Permitted of State's Only Witness.*

In one count of the information with which defendant was charged, the crime of theft in the first degree was alleged to have been committed by a series of acts in which defendant, with intent to defraud, concealed or disposed of cattle and hogs exceeding $5000 in value in which the Iowa State Bank of Algona, Iowa had a security interest. Another count contained a separate charge of theft in the first degree alleging that the defendant, by a series of acts, obtained loans and loan extensions from the Iowa State Bank by misrepresenting his financial condition.

The only witness for the State was Gary Norcross, vice president and agricultural representative of the Iowa State Bank, who had dealt directly with defendant with respect to the loan and security transactions involved in the criminal charges made

against him. Norcross testified in support of the charges that defendant had disposed of the bank's collateral on certain loans and had obtained the loans and renewals thereof based upon false representation as to his financial condition. The defendant attempted to cross-examine Norcross with respect to: (1) whether it would have been foolish for the defendant to write on a deposit slip the exact amount of the proceeds of livestock converted if defendant was trying to hide something; (2) whether Norcross expected that certain crimes would be charged against defendant as a result of the facts to which he testified; (3) whether Norcross knew it was a crime to commit certain specified acts; (4) whether criminal charges would have been brought against defendant if defendant's father had guaranteed payment of the loans; and (5) the reason why the bank did not make objection to defendant's discharge in bankruptcy as to the loan obligations involved.

■ Cross-examination, within the trial court's discretion, may be restricted to matters raised during direct examination. *State v. Cuevas*, 288 N.W.2d 525, 530 (Iowa 1980). In addition, parties should not be permitted to cross-examine witnesses concerning issues of law or mixed questions of law and fact, *Peterson v. Taylor*, 316 N.W.2d 869, 874 (Iowa 1982), such as a criminal defendant's guilt or innocence. In applying these principles to the trial court's rulings in the present case, we believe that all of the questions on cross-examination to which objections were sustained were in fact improper either as to substance or form.

■ The defendant asserts that he was attempting to develop through this line of inquiry facts which would indicate that the bank was not in fact misled with respect to any representations by defendant and that it acquiesced in the disposal of its collateral. If this was the intention of the controverted cross-examination, it does not appear on the face of the questions which were asked.

Defendant also asserts that this line of questioning was designed to establish that the bank had neglected to object to defendant's discharge in bankruptcy and therefore had a financial interest in the criminal charge because of the possibility of court-ordered restitution in the criminal case. Although the record is not clear, for purposes of decision, we will assume a discharge order had been entered in the bankruptcy proceeding. Again, we believe that the clear answer to this contention with respect to any claim of trial court error is that the questions to which objections were sustained did not inquire directly with respect to such matters. Moreover, no offer of proof was made by the defendant following any of the court's rulings which would serve to illuminate the purpose of the cross-examination. We find no abuse of discretion in any of the trial court's rulings.

II. *Defendant's Motion for Mistrial Based on Alleged References to His Failure to Testify.*

■ During the course of the prosecutor's closing summation to the jury, he was interrupted by defendant's counsel who objected and moved for a mistrial on the ground that the prosecutor had made reference to defendant's failure to testify. The substance of these remarks were not reported. In the hearing which followed, the trial court, who was present in the courtroom and heard the remarks, stated that the remarks had reference to defendant's obligation to disclose his changing financial circumstances to the bank in connection with loan renewals. The court specifically found that the statements to which the motion for mistrial related did not pertain to the decision of the defendant in not testifying at the time of the trial. The defendant sought to controvert the trial court's recollection of these remarks by calling two courtroom bystanders as witnesses. These witnesses were unable to controvert the facts as recalled by the trial court. On the basis of the record made, we have nothing to review. No error appears with respect to the denial of defendant's motion for mistrial.

### III. *Alleged Ineffective Assistance of Counsel Based on Counsel's Failure to Withdraw from the Case to Become a Witness.*

■ We next consider the defendant's contention that his trial counsel was guilty of ineffective assistance because he did not withdraw from the trial of the case and become a witness on defendant's behalf. In answering this contention, we will assume without deciding that this is a matter which may be raised for the first time on appeal.

In support of this contention, it is urged that, because of his peculiar knowledge, defendant's trial counsel should have testified concerning his representation of defendant in some of the transactions with the bank upon which the criminal charges are based. Nowhere in his argument on appeal does defendant suggest whether and in what manner his counsel's version of the facts surrounding these transactions would have differed from the testimony of the State's witness, Gary Norcross. Without any suggestion on defendant's behalf concerning what the controverted areas of fact would have been, he has established no basis for a favorable resolution of his ineffective assistance claim.

### IV. *Alleged Sentencing Errors.*

Defendant asserts that the district court erred in ordering restitution of the amounts which he owed to the Iowa State Bank as a result of the transactions found by the jury to have been fraudulent. His primary argument in this regard is that the obligations have been discharged in bankruptcy. Noticeably, the defendant does not base his contentions upon the effect of the federal bankruptcy laws under the supremacy clause of the federal constitution. Cases which have considered the effect of the supremacy clause with respect to court-ordered restitution of discharged civil claims in criminal prosecutions have upheld the right of a state to order restitution. *See, e.g., Barnette v. Evans,* 673 F.2d 1250, 1251 (11th Cir.1982); *United States v. Carson,* 669 F.2d 216, 217 (5th Cir.1982).

■ Defendant's argument against the ordering of restitution in the present case is based upon his interpretation of Iowa Code section 910.1(2) (1981) which defines those pecuniary damages which may be the object of restitution as

> all damages ... which a victim could recover against the offender in a civil action arising out of the same facts or event....

It is defendant's theory that the court-ordered restitution in the present case is not permitted by the foregoing statute because, as a result of his discharge in bankruptcy, the victim could not have enforced a civil claim for collection of said sums.[1]

■ This issue involves statutory interpretation of an act not previously construed in this context. While the wording of section 910.1(2), literally applied, lends some support to defendant's argument, we cannot agree that it was the intent of the legislature to proscribe court ordered restitution of otherwise valid victim claims because of a debtor's discharge in bankruptcy. The federal bankruptcy laws are themselves drawn in a manner which, upon timely perfected objection by a victim, would deny a discharge with respect to recovery of money or property obtained by criminal acts or fraud. *See* 11 U.S.C. §§ 523(a)(4) and 523(a)(2)(A). We cannot believe the fact that a discharge of such a claim may in fact have been granted, by reason of a failure to object or a difference in the proof between the bankruptcy and criminal actions, is a circumstance limiting

---

1. Defendant suggests that the district court failed to consider his financial circumstances in ordering that restitution be made to the Iowa State Bank and to the county for attorney fees. We find no merit in this contention. He also suggests that the court improperly included as an item of victim restitution some $4000 involved in a count of the information upon which defendant was acquitted. The State concedes that if this was done, it is unlawful. *See State v. Zaruba,* 306 N.W.2d 772, 775 (1981). Because the court's statements are in terms of approximate dollar amounts we cannot resolve this controversy. It can be made the subject of a petition in the district court under section 910.7.

victim restitution within the intent of chapter 910.

■ Defendant's other objection to the sentencing order is the fact that the court ordered two consecutive five-year periods of probation. Iowa Code section 907.7 (1981) provides:

> The length of the probation shall be for such term as the court may fix but not to exceed five years if the offense is a felony or not to exceed two years if the offense is a misdemeanor.

Defendant urges that the five-year limitation on the length of probation for a felony conviction is not extended when there are multiple convictions involved in a single sentencing order. In support of this claim, it is urged that the legislature has made no indication that the maximum period of probation should change as a result of the length of the period of incarceration. While the issue is not free from doubt, we accept defendant's proposed interpretation. We believe section 907.7 reflects the attitude of correctional authorities that rehabilitation will occur within five years or not at all. *See* J. Yeager & R. Carlson, *Criminal Law and Procedure* § 1731, at 377–78 (1979). This result is consistent with a federal court decision involving the maximum period of probation under federal law for multicount convictions. *United States v. Albano,* 698 F.2d 144, 146 (2d Cir.1983). The error in the sentencing order with respect to length of the period of probation may be corrected by an amended sentencing order without the necessity of resentencing. The judgment of conviction and sentence are affirmed subject to correction with respect to the period of probation. The case is remanded to the district court for that purpose.

AFFIRMED AND REMANDED.