In re Terry Wayne VIK, Debtor.

**BLACK HAWK COUNTY,
IOWA, Plaintiff,**

v.

**Terry Wayne VIK, Defendant.**

**Bankruptcy No. 82–02085.
Adv. No. 82–0606.**

United States Bankruptcy Court,
N.D. Iowa.

Nov. 2, 1984.

Peter W. Burk, Asst. Black Hawk County Atty., Waterloo, Iowa, for plaintiff.

Michael C. Dunbar, Waterloo, Iowa, for debtor/defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDERS, WITH MEMORANDUM

WILLIAM W. THINNES, Bankruptcy Judge.

The matter before the Court is a Complaint filed by Black Hawk (County) seeking a determination, among other things, that a debt owed Projects Inc. (creditor) be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), (6), (7). The County's interest in this matter stemmed from a prebankruptcy criminal prosecution in which Debtor, Terry Wayne Vik, agreed to make restitution to the creditor as a condition of probation. In a Pretrial Order, this Court found that the debt owed the creditor had been discharged and that County's Complaint should be ruled on as a stay matter. On closer examination of the record the Court finds the County raised a separate issue concerning the dischargeability of its criminal restitution order.[1] Thus two questions are presented for deci-

1. It is clear the County lacked standing to object to the discharge of the underlying Projects Inc. debt since 11 U.S.C. § 523(c) requires all challenges to discharge under § 523(a)(2), (4) or (6) be raised by the creditor to whom the debt is owed. In this case, the creditor did not lodge any objection to discharge of its debt. Moreover, the Debtor raised the County's lack of standing by a Motion to Dismiss. Recently, the Eighth Circuit Court of Appeals held the state did not have standing to challenge the dischargeability of a restitution order arising out of the state's successful prosecution of Debtor under the Missouri Merchandising Act since the State Court specifically ordered that the payments be made directly to the harmed individuals, and no statutory provision allowed the state to sue for enforcement of what was essentially a money damage award if the debtor failed to pay. *In re Cannon,* 741 F.2d 1139 (8th Cir. 1984). This decision does not reach or effect the right of a state to object to discharge of a prebankruptcy criminal restitution order which is payable to the state as a condition of a debtor's probation and can only be enforced through a revocation of probation.

sion: (1) did a postpetition state court order approving debtor's plan of criminal restitution violate the automatic stay provisions of 11 U.S.C. § 362; and (2) is a prebankruptcy restitution order arising out of a state criminal prosecution dischargeable in bankruptcy?

The matter was submitted on the state court criminal record. Additionally, the parties were allowed to submit briefs in support of their respective positions. The County was represented by Assistant Black Hawk County Attorney Peter W. Burk while Attorney Michael Dunbar of Waterloo, Iowa, appeared for Debtor. The Court, being fully advised and pursuant to F.R.B.P. 7052, makes the following Findings of Fact, Conclusions of Law and Order.

The facts underlying the County's Complaint are not in dispute.

1. In October of 1981, the Debtor pled guilty to second degree theft in violation of Iowa Code sections 714.1(2) and 714.2(2) (1981).[2] In exchange for his plea of guilty, the prosecution agreed to seek no more than a suspended sentence. In addition, the Debtor agreed to make restitution to his victims.

2. The plea bargain was accepted by the Court and reflected in its sentencing order granting the Debtor a deferred judgment, placing him on probation and requiring him to make restitution to his victims.[3] This order was entered November 6, 1981. Restitution to Projects Inc. was to be encompassed in a Plan of Restitution worked out by Debtor and his probation officer. *See* Iowa Code § 907.12(3), (1981).

3. In March of 1982, the Debtor filed a voluntary Petition under Chapter 7 of the Bankruptcy Code.

4. Approximately three months later, the Debtor submitted his Plan of Restitu-

tion to the state court which was approved by court order on June 28, 1982.

5. On July 13, 1982, the county timely filed a dischargeability complaint seeking a determination of non-dischargeability of the underlying debt to Projects Inc. and the restitution order encompassed in the Debtor's judgment of conviction and sentence.

6. On September 22, 1982, the Debtor received a discharge of the underlying Projects Inc. debt since the creditor did not file a complaint in its own right.

■ As can be seen from the recitation of the factual circumstances, the Debtor's conviction and sentence encompassing restitution as a condition of probation took place prior to the filing of Debtor's bankruptcy. Indeed, the only event in the state criminal proceedings that occurred postpetition was the June court order approving Debtor's Plan of Restitution. The Court does not believe that action violates the automatic stay provisions of 11 U.S.C. § 362. Section 362(b)(1) specifically exempts the institution or continuation of a criminal action or proceeding from the otherwise comprehensive staying of any action against a debtor or property of the debtor or the estate once a case has been commenced. In enacting this exception, Congress was mindful that "[t]he bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension;" House Report No. 95–595, 95 Congress, 1st Session (1977); Senate Report No. 95–989, 95 Cong., 2nd Sess. (1978) 51–2, 5 U.S.Code Congress & Admin.News, 5787, 5837 (1978). *See also* 2 Collier on Bankruptcy § 362.05[1] (15th Ed.1984), (this exception to the automatic stay provisions "is consistent with the policy of making bankruptcy available as relief to financially pressed debtors and not as a shelter from the con-

---

**2.** Section 714.1(2) sets out the specific type of theft Debtor was charged with while section 714.2 defines the degrees of theft in terms of the value of the misappropriated property.

**3.** Although Debtor was charged with one count of second degree theft, this charge was based on two separate incidents in which Debtor bilked two victims out of substantial sums of money. The Debtor apparently made full and immediate restitution to the first victim upon his judgment of conviction and sentence. No issue is raised concerning that part of the state court restitution order that already had been satisfied.

sequences of criminal acts" and also with "the strong federal policy against federal interference with state court criminal proceedings"). Since court approval of the Debtor's Plan of Restitution was merely a continuation of the criminal proceedings instituted against Debtor prior to his petition for relief under federal bankruptcy law, the June 28th order approving that plan was exempted from operation of the automatic stay provision.[4]

The next question is somewhat more complicated and requires the Court to consider what effect, if any, the commencement of a case and subsequent discharge under federal bankruptcy laws should have on a prepetition state criminal restitution order. Stated otherwise, did the subsequent discharge of the underlying Projects Inc. debt also vacate that part of the state criminal judgment and sentence requiring Debtor to make restitution to Projects Inc. as a condition of probation.

Questions involving criminal restitution orders in the context of bankruptcy have been presented to the courts in varying postures. Several decisions have dealt with the precise issue presented in the case at bar, i.e., what effect federal bankruptcy laws have on a prepetition state criminal restitution. By and large, these courts, by looking to state law to determine the nature and effect of a criminal restitution order and analyzing the definitional language in the Code, have concluded this type of monetary obligation is not a debt within the contemplation of bankruptcy laws and thus not subject to discharge. *See, e.g., In re Mead,* 3 Bankr.L.Rep. ¶ 69,995 (Bankr.D.Conn.1984); *In re Johnson,* 32 B.R. 614 (Bankr.D.Col.1982); *In re Magnifico,* 21 B.R. 800 (Bankr.D.Ariz. 1982); *In re Button,* 8 B.R. 692 (Bankr.W. D.N.Y.1981)[5]; *contra In re Brown,* 39 B.R. 820 (Bankr.M.D.Tenn.1984) (Where the court held a prepetition state criminal restitution order was a debt dischargeable in bankruptcy and enjoined a state prosecutor from seeking revocation of debtor's probation for his failure to pay). This Court believes the approach taken by the courts in these decisions is sound and now turns to examination of Iowa law.

Under the 1981 Code[6], restitution was a mandatory condition of probation whenever a defendant received a deferred judgment, or a deferred or suspended sentence. §§ 907.3, 907.12(3). The court in ordering probation, was empowered to impose reasonable rules and conditions which would promote rehabilitation of a defendant and protection of the community. § 907.6. Restitution was defined as full or partial payment of the pecuniary damages suffered by the victims as a result of criminal

---

**4.** Even though state criminal proceedings are exempted from the automatic stay, they are not necessarily outside the realm of the general injunctive powers granted the court by 11 U.S.C. § 105. 2 Collier § 362.05[1] (15th ed. 1984). Nonetheless, a bankruptcy court's § 105 powers, in the case of state criminal proceedings, would be subject to the dictates of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and should only be invoked sparingly and in situations of irreparable harm. *See, e.g., Matter of Davis,* 691 F.2d 176 (3rd Cir.1983); *Barnette v. Evans,* 673 F.2d 1250 (11th Cir.1982).

**5.** In addition to these federal cases, a few state courts have held that an order of criminal restitution as a condition of probation is not a debt within the scope of federal bankruptcy laws. *People v. Mosesson,* 78 Misc.2d 217, 356 N.Y.S.2d 483 (1974); *People v. Topping Bros.,* 79 Misc.2d 260, 359 N.Y.S.2d 985 (1974); *People v. Washburn,* 97 Cal.App.3d 621, 158 Cal.Rptr. 822 (1979). Recently, the Iowa Supreme Court rejected a debtor's argument that the sentencing court improperly imposed restitution because the monetary obligation contemplated by the court's restitution order is statutorily defined as all damages a victim could recover against an offender in a civil action and as a result of his discharge in bankruptcy, the victim could not institute or maintain civil action for the pecuniary loss occasioned by his offense. *State v. Angle,* 353 N.W.2d 421, 429 (Iowa 1984).

**6.** All references to state law are to the 1981 Code which was in effect at the time debtor was sentenced. The chapter on restitution has since been substantially revised and restitution is now mandatory in all criminal cases. *See generally* Chapter 910, Iowa Code (1983). Under the new law, a defendant who is unable to pay or who has caused no pecuniary loss to the victims of his crimes may still be required to make restitution by performing a set number of hours of public service. § 910.2.

acts. § 907.12(1)(d). The court, in approving or modifying a Plan of Restitution, was required to consider, among other things, what Plan of Restitution would most effectively aid the rehabilitation of the defendant. § 907.12(5). Restitution payments were payable to the clerk of court, § 907.-12(4), and a defendant's failure to comply with a restitution plan constituted a violation of probation, § 907.12(8), subjecting a defendant to potential revocation and incarceration. § 908.11.

The term "debt," under the Bankruptcy Code means liability on a claim. § 101(11). "Claim" is defined as a right to payment, § 101(4), while "creditor" generally means an entity that had a claim against the debtor that arose before filing. § 101(9). Given these definitions, the Court does not believe a state criminal restitution order creates a creditor-debtor relationship between Debtor and the victim or the state.

■ In particular, restitution was a condition of Debtor's probation, with the intended purpose of fulfilling the state's penalogical interest in deterrence, rehabilitation and punishment. It was made payable to state and while the victim received monetary remuneration, this incidental pecuniary benefit was not the sole or even primary thrust of the court's restitution order. The court fixed the amount of restitution, and the creditor had no independent right to payment. Moreover, neither the victim nor the state had a civil cause of action against Debtor or his property for collection. In the event of nonpayment, the state could take penal action against Debtor for a violation of probation and could as long as it abided by the due process and equal protection principles espoused in *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) revoke his probation.[7] Given the nature and effect of a criminal restitution order under state law, the Court concludes in conformity with the great weight of au-

thority that a prepetition restitution order is not "debt" within the contemplation of federal bankruptcy laws and as such, is not subject to discharge.

The Court's conclusion that a bankruptcy action does not affect a prepetition criminal restitution order also finds support in other decisions. At least four circuit courts, either directly or in passing, have addressed the effect of a bankruptcy action on criminal restitution orders. In two of those cases, a federal criminal offender was objecting to restitution as part of his sentence because the restitution order involved debts that had been discharged in bankruptcy. *United States v. Carson*, 669 F.2d 216 (5th Cir.1982); *United States v. Alexander*, 743 F.2d 472 (7th Cir.1984). Both courts held that a discharge of the debt owed the defrauded creditor did not preclude an imposition of restitution subsequent to the discharge. *See, also, Barnette v. Evans*, 673 F.2d 1250, 1252 (11th Cir.1982) (where the court, in reversing a decision of the bankruptcy court enjoining the state from prosecuting a bad check charge, noted in passing that even though a successful prosecution on the charge would result in the mandatory imposition of restitution, no federal right would be impaired by such a sentence). *But see, In Matter of Davis*, 691 F.2d 176, 178 (3rd Cir.1982) (where the court, while agreeing that debtor was not entitled to an injunction prohibiting the state from prosecuting him, did seem to suggest that an imposition of mandatory restitution might raise serious questions under the Supremacy Clause of the Federal Constitution).

In assessing the interrelationship between federal bankruptcy laws and the imposition of criminal restitution, the *Alexander* court noted that:

> The bankruptcy proceeding is largely unconcerned with criminality and discharge may occur regardless of how the

---

**7.** In the Bearden case, the Supreme Court held that a state court could not properly revoke a defendant's probation for failure to pay a fine and make restitution absent evidence and findings that he was somehow responsible for the

failure and that alternative forms of punishment would be inadequate to meet the state's penalogical interest in punishing and deterring offenders. Id. at 672–73, 103 S.Ct. at 2072–73, 76 L.Ed.2d at 233.

debtor has incurred his debts, especially in cases such as *Carson* and the present one where defrauded creditors fail to seek an order of nondischarge from the bankruptcy court. The "fresh start" envisioned by the imposition of probation conditions is entirely different from the one resulting from discharge in bankruptcy. Fundamental to the imposition of probation conditions is the belief that its conditions will result in the rehabilitation of the prisoner at no cost to the public safety.... The trial judge specifically noted "that restitution is a critical element of the rehabilitative process that I think has to occur in this case." Although imposition of a fine may have the same pecuniary effect as restitution on the probationer, the rehabilitative effect may well be augmented by the act of making one's victim whole. We discern nothing in the bankruptcy code that evinces a congressional intent to prevent sentencing judges from imposing such potentially rehabilitative probation conditions.

(authorities omitted) 743 F.2d at 480. While the *Alexander* decision was concerned with the imposition of restitution postdischarge in federal criminal proceedings, the sentiments expressed by that court are even more compelling when restitution is imposed prepetition in state criminal proceedings since notions of federalism and other policy concerns come into play.

As noted by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 669 (1971) principles of equity and comity militate against federal interference with the integrity of state criminal proceedings. Although *Younger* was concerned with the propriety of enjoining state criminal proceedings that might impinge on a federally protected right, the notions of federalism espoused there are equally binding on this Court in determining what effect federal bankruptcy should have on a state criminal restitution order. Additionally, as noted earlier, the longstanding policy against undue federal interference in state criminal proceedings has been expressly incorporated in the Bankruptcy Code. 11 U.S.C. § 362(b)(1). For this Court to hold that the debtor's subsequent discharge retroactively nullified a criminal restitution order would do violence to this policy and seriously compromise the integrity of the state criminal process.

In the case at bar, the sentence and judgment of conviction reflected a decision by the state that its penal interests would be best served by placing the Debtor on probation and requiring him to make full restitution to his victims. This means of rehabilitating the debtor and deterring similar conduct in the future was not the only option available to the sentencing court. In Iowa, second degree theft is a Class D felony, § 714.2(2), carrying a maximum sentence of five years incarceration and, or, a $1000 fine, § 902.9(4). Nevertheless, the state opted for a lesser sentence to fulfill its goals of deterrence and rehabilitation. At the time the sentence was imposed, the state was unmindful of the effect a potential discharge in bankruptcy might have on its penalogical choice. If the commencement of bankruptcy and threat of discharge had loomed large as real and substantial possibility, the state might well have chosen a different sentencing option to serve its penal interest. It goes without saying that if the state had opted for incarceration in lieu of probation and restitution that the debtor's prison term would not be vacated by the subsequent discharge of the Projects Inc. civil liability. The result should not be different merely because the state chose a less restrictive means to further its penal goals. More to the point, a retroactive vacation of the state criminal restitution order would significantly compromise the state's penal decision in this case and potentially could discourage less restrictive sentencing options in the future.

Other policy concerns also dictate against allowing a bankruptcy action to impinge on a prebankruptcy criminal restitution order. Specifically, if a discharge in bankruptcy operates as a de facto nullification of a prebankruptcy criminal restitution

order, then the bankruptcy courts, contrary to stated Congressional intent, risk becoming a shelter or haven from the consequences of criminal acts. An individual on the one hand, should not be allowed to avoid incarceration by agreeing to make restitution and then on the other, seek to avoid a significant portion of his penal obligations merely by filing bankruptcy. The Court does not believe that furtherance of the fresh start policy or the just administration of federal bankruptcy laws require such a result. Quite the contrary, both good common sense and sound federal policy argue against encouraging individuals to use federal bankruptcy law as a shield against prebankruptcy penal obligations merely because they happen to embody a monetary obligation.

In sum, the Court concludes on both statutory and policy grounds that a prepetition criminal restitution order is not a debt within the contemplation of the Code and thus not subject to the discharge provisions. Accordingly, that portion of the county's Complaint seeking a determination of nondischargeability of its criminal restitution order is sustained; and

IT IS SO ORDERED.