WILKINS, District Judge.
 

 David William Roberts appeals from his convictions on one count of bank fraud, one count of bankruptcy fraud, and two counts of perjury. We affirm the convictions on all counts, but remand to the district court for modification of its order regarding restitution.
 

 MULTIPLICITY OF CHARGES
 

 Appellant contends that the trial court committed reversible error by refusing to dismiss three multiplicious counts of perjury. The indictment contained a count of concealment of assets of a bankrupt estate in violation of 18 U.S.C. § 152 (1982) and three counts of making a false statement under oath concerning the location of assets of a bankrupt estate in violation of 18 U.S.C. § 1621 (1982).
 

 An indictment is not multiplicious if each count requires proof of a fact which the other does not.
 
 Blockburger v. United States,
 
 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932);
 
 United States v. Kennedy,
 
 726 F.2d 546, 547-48 (9th Cir.),
 
 cert. denied,
 
 — U.S. -, 105 S.Ct. 365, 83 L.Ed.2d 301 (1984). In determining whether a count requires proof of a fact which the other does not, “[t]he elements of the offense are determinative, even if there is substantial overlap in their proof.”
 
 United States v. Solomon,
 
 753 F.2d 1522, 1527 (9th Cir.1985). The perjury counts required proof of facts which the concealment count did not, and the district court did not abuse its discretion in denying Roberts’ motion to dismiss the perjury counts.
 

 Appellant also contends that the district court erred by failing to merge Roberts’ convictions for penury and concealment for purposes of sentencing. When the same act constitutes a violation of two separate criminal statutes, a defendant may be convicted of and receive punishment under both statutes without offending the double jeopardy clause if proof of one violation does not necessarily include proof of the other offense, and there is no evidence that Congress intended to prohibit separate punishment for the two offenses.
 
 See United States v. Woodward,
 
 — U.S. -, 105 S.Ct. 611, 612-13, 83 L.Ed.2d 518 (1985) (per curiam). Under this test the district court properly declined to merge appellant’s convictions for purposes of sentencing.
 

 SEVERANCE
 

 Appellant contends further that the district court erred in denying his motion to sever the various counts into three trials. Offenses may be joined in the same indictment and tried together when they are “based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.” Rule 8(a), Fed.R.Crim.P. “When the joined acts are logically related, and there is a large area of overlapping proof, joinder is appropriate.”
 
 United States v. Anderson,
 
 642 F.2d 281, 284 (9th Cir.1981).
 

 In this case all of Roberts’ offenses involved the assets of his bankrupt cookie company. He committed bank fraud to obtain financing for the company, and then committed bankruptcy fraud and perjury to conceal assets from the trustee of the bankruptcy estate. The counts were logically related with a large area of overlapping proof, and their joinder in one indictment and one trial was proper.
 

 LIMITATION OF CROSS-EXAMINATION
 

 Appellant argues that the district court abused its discretion in limiting his cross-examination of adverse witnesses and by refusing to admit into evidence some of his proposed exhibits. He contends that
 
 *770
 
 the excluded evidence was relevant to show bias and prejudice on the part of the witnesses.
 

 The fact that appellant’s creditors threatened him with prosecution if he failed to divest himself of his interest in the cookie business had no bearing on their credibility as witnesses. Assuming, however, that the evidence was relevant the court did not abuse its discretion in excluding it. “When the trial court excludes evidence tending to impeach a witness, it has not abused its discretion as long as the jury has in its possession sufficient information to appraise the biases and motivations of the witness.”
 
 United States v. Kennedy,
 
 714 F.2d 968, 973 (9th Cir.1983),
 
 cert. denied,
 
 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 704 (1984). We believe that the jury in the present case had sufficient evidence to appraise the bias and motives of the witnesses.
 

 MATERIALITY
 

 Roberts claims that the district court erred in holding that his testimony before the bankruptcy trustee in Count IV was material as a matter of law. We do not agree.
 

 In this perjury count Roberts was questioned about the names of a group of investors to whom he was selling one of the assets of his bankrupt company. He contends that the purpose of the questioning was to determine the location and value of the assets of the bankrupt estate, and that the names of the investors were not material to the investigation. However, the withheld information that he was one of the investors in the new baking company could have assisted the trustee in discovering the estate’s extent and whereabouts and was material. See
 
 Sigman v. United States,
 
 320 F.2d 176, 177-78 (9th Cir.1963),
 
 cert. denied,
 
 375 U.S. 967, 84 S.Ct. 485, 11 L.Ed.2d 415 (1964).
 

 Appellant also argues that the district judge erred because he refused to make his ruling on materiality prior to trial, and did not rule on this issue until after the close of the government’s case. Any error in the timing of the ruling could not have been prejudicial, however, because Roberts was acquitted on Count IV.
 

 IMPEACHMENT
 

 Appellant contends further that the trial court erred in allowing a bill of sale to be used to impeach him during trial. Roberts had made a motion pursuant to Fed.R. Crim.P. 16(a)(1)(A) requesting that the United States be required to produce any statements, copies of statements, or the substance of any oral statement of the defendant in the custody or control of the United States. At the hearing the prosecutor represented to the court that he had already supplied the defendant with everything which the United States intended to introduce into evidence. At the trial the United States impeached the defendant’s credibility by showing him and discussing with him a bill of sale for a baking oven signed by the defendant. Roberts objected to the use of the document for impeachment because it was a prior written statement of the defendant subject to disclosure under Rule 16, and the trial court held that the bill of sale was not a relevant written statement within the meaning of Fed.R. Crim.P. 16(a)(1)(A).
 

 We need not decide whether the bill of sale should have been disclosed by the government. If there was error, we are satisfied that the error was harmless and did not materially affect the verdict.
 
 See United States v. Bailleaux,
 
 685 F.2d 1105, 1116 (9th Cir.1982).
 

 The record does not indicate that knowledge by Roberts that the government would use the bill of sale would have changed his defense strategy or that he would have changed his decision to take the stand. Moreover, the exhibit was withdrawn by the government and never seen by the jury, and the jury acquitted Roberts on the count relating to peijured testimony regarding the oven mentioned in the bill of sale.
 

 RESTITUTION
 

 Appellant’s final contentions challenge the district court’s imposition of a
 
 *771
 
 $200,000.00 order of restitution as part of his sentence. Roberts contends,
 
 inter alia,
 
 that restitution is improper because he was adjudged a personal bankrupt and none of his creditors filed an objection to discharge. However, the failure of Roberts’ creditors to object to his personal bankruptcy does not prevent the court from ordering restitution in the criminal case.
 
 United States v. Carson,
 
 669 F.2d 216, 217-18 (5th Cir.1982);
 
 United States v. Alexander,
 
 743 F.2d 472, 480 (7th Cir.1984). Bankruptcy proceedings are not generally concerned with criminality, and discharge may occur regardless of how the debtor has incurred his debts. Although appellant’s restitution order was made pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3579, rather than a condition of probation as in
 
 Carson
 
 and
 
 Alexander,
 
 his period of confinement was relatively short. The restitution order is still a critical element of his rehabilitative process and was properly imposed by the trial judge in lieu of a longer period of imprisonment.
 

 We do not find any of appellant’s other contentions regarding restitution convincing except for the objection to the timing of payment. 18 U.S.C. § 3579(f)(3) provides that unless the sentencing court provides to the contrary in the restitution order, restitution is due immediately. The district court here did not specify a payment period in its order and we believe unintentionally made restitution due immediately when appellant does not have the funds available at the present time. The trial judge found that Roberts was a speculator and may have assets again in the future. Accordingly, we remand to the district court for the limited purpose of modifying the order to make restitution payable within a specified period or in specified installments in accordance with 18 U.S.C. § 3579(f)(2) and
 
 United States v. Keith,
 
 754 F.2d 1388, 1393 (9th Cir.1985).
 

 CONCLUSION
 

 We affirm appellant’s convictions and remand to the district court for modification of its restitution order consistent with this Memorandum.