Kipley **MILLER**, Appellant
(Defendant below),

v.

**STATE** of Indiana, Appellee
(Plaintiff below).

No. 24S01–8612–CR–1052.

Supreme Court of Indiana.

Dec. 30, 1986.

Jack R. Shields, Shields & Jones, Batesville, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

PIVARNIK, Justice.

Appellant-Defendant Kipley Miller appealed his conviction after a bench trial for the offense of receiving payment while indebted, a class D felony.

The facts show that Defendant contracted with Estill Spurlock in 1977 to build the Spurlocks a house. During construction, Defendant accepted three installment payments, totalling $28,900, from the Spurlocks, but did not inform them that he had not yet paid for all the materials used in building their home. Defendant, as general contractor for the Spurlocks, purchased building materials from Ziegler Building Materials, Inc. On September 20, 1977, Defendant accepted payment from the Spurlocks of approximately $12,000, while at the time owing Ziegler in excess of $5,000. On October 3, 1977, Defendant accepted payment from the Spurlocks of approximately $14,000, while at the time owing Ziegler approximately $12,000. Defendant subsequently declared bankruptcy, leaving the Spurlocks' house unfinished. Ziegler perfected a mechanic's lien on the Spurlock's property for $17,000. Defendant subsequently was charged and convicted pursuant to Ind. Code § 32-8-3-15, which provides:

Receiving payment while indebted—Failure to give notice of indebtedness—Penalty.—Any person, firm or corporation who, as contractor or subcontractor or otherwise, shall have performed labor, supplied services or furnished material or machinery in the construction, reconstruction, erection, repair or remodeling of any building, structure or any other work of any description whatsoever, and who shall accept payment for the labor, services, material or machinery so furnished and supplied, and who, at the time of receiving such payment, is indebted to another for labor, including the cost of renting or leasing construction and other equipment and tools, whether or not an operator is also provided by the lessor, services, material or machinery used or employed in the construction, reconstruction, erection, repair or remodeling of such building or structure, and who at the time of receiving such payment shall fail or refuse to notify, in writing, the person, firm or corporation from whom such payment was received, of outstanding indebtedness, and if the person, firm or corporation from whom such payment was received, shall suffer loss thereby, such person, firm or corporation, or the responsible officer thereof so accepting such payment shall be guilty of a felony and, upon conviction therefor, shall be fined in any sum not exceeding one thousand dollars [$1,000], or imprisoned in the Indiana state prison for not less than one [1] year nor more than five (5) years, or both such fine and imprisonment, in the discretion of the court.

Excluding formal parts, the information charging Defendant stated:

"ESTILL SPURLOCK being duly sworn upon oath says that KIPLEY MILLER on or about June through October, 1977 at said County of Franklin and State of Indiana, did then and there unlawfully perform labor, as a contractor, in the construction of a home for Estill Spurlock, and accepted payments from Estill Spurlock for such labor and at the time of the acceptance of such payment, said Kipley Miller *knew* he was indebted to another for material used in the construction of such home, and further, said Kipley Miller at the time of receiving said payments failed to notify Estill Spurlock in writing of the existence of said indebtedness. Estill Spurlock suffered loss thereby. All of which is contrary to the form of the Statute in such cases made and provided and against the

peace and dignity of the State of Indiana." (Emphasis added.)

The trial court found Defendant guilty, but ordered a suspended sentence, placed Defendant on probation, and provided as one of the conditions of probation, that Defendant was to make restitution to Spurlock in the amount of $17,000.

The Court of Appeals reversed the trial court, finding there was insufficient evidence from which the trial court could infer intent to defraud, and further, that the information was defective in that it failed to include the essential element of intent to defraud. *Miller v. State* (1986), Ind.App., 496 N.E.2d 592 (Ratliff dissenting). We find the Court of Appeals incorrect in both of its holdings and, accordingly, vacate the Court of Appeals' opinion and affirm the trial court.

Where sufficiency of the evidence is raised on appeal, we do not weigh the evidence or judge the credibility of witnesses; rather, we look to the evidence most favorable to the State and all reasonable inferences therefrom. If there is a substantial body of probative evidence from which the trier of fact could reasonably infer guilt, then we will not disturb the verdict. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

■ The Court of Appeals correctly observed the present offense derives from the common law offense of fraud and inherently carries with it and requires proof of a *mens rea* element. *Miller*, Ind.App., 496 N.E.2d at 593. However, the element of criminal intent may be inferred from a defendant's conduct and the surrounding circumstances. *McGee v. State* (1986), Ind., 495 N.E.2d 537, 539. In *Hammond v. State* (1985), Ind.App., 479 N.E.2d 629, 632, the Court of Appeals stated: "Because specific intent is a mental state not generally susceptible of direct proof, it may be inferred from all the surrounding circumstances." We find little merit in the argument that the contractor did nothing more than accept payment for work he provided. The conduct prohibited by the statute is accepting pay under such circumstances

while in debt to suppliers of materials without notifying the client of such indebtedness, and, of course, leaving that client subject to valid liens against the property. That, of course, is what happened here. The Spurlocks paid a sum of over $28,000 to their primary obligee on the contract, and are left with an unfinished building, and are further left "holding the bag" for $17,000 in valid liens for material they have already paid for once. This is the situation to which the Legislature spoke, and the evil which they sought to remedy by this statute. It would seem ludicrous to say that Defendant was not aware of the circumstances or that he did not know that this was the situation. He took the money from the Spurlocks which was to pay for his labors and the materials used in the construction of the house. He well knew that Ziegler was not paid and did not notify Spurlocks of this circumstance. There is, therefore, no lack of evidence justifying the trial court in finding sufficient evidence to infer intent to defraud.

■ We further agree with Judge Ratliff that the charging information here did not fail to include the essential element of intent to defraud. The purpose of an information is to advise the defendant of the particular crime charged so that he can prepare a defense. *McGee*, Ind., 495 N.E.2d at 538. Appellant does not claim he was misled by the information. The element of intent, while not specifically set forth, was conveyed by the use of the term "knew." *Burris v. State* (1984), Ind., 465 N.E.2d. 171, 181, U.S. *cert. denied* (1985), 469 U.S. 1132, 105 S.Ct. 816, 83 S.Ct. 809; *Johnson v. State* (1983), Ind., 455 N.E.2d 932, 935–936, *reh. denied* (1984). *See also Brown v. State* (1980), Ind.App., 403 N.E.2d 901, 906, *tr. denied* (1980). Defendant's ability to prepare an adequate defense was not impaired in any manner by the language of the charging information. We now proceed to other issues raised by Defendant in his direct appeal.

■ As a part of a condition of probation, the trial judge ordered Defendant to make restitution to the victim for losses

occasioned by commission of this offense. At the time of the sentencing, Defendant had been discharged in bankruptcy for these same obligations. Defendant now claims that since his personal liability has been discharged in bankruptcy, the trial court is precluded from ordering restitution of that liability as a condition of probation. We agree with Judge Ratliff's analysis of this issue and adopt it and make it part of this opinion:

"However, the majority of courts confronted with this argument have rejected it. *See United States v. Roberts* (9th Cir.1985), 783 F.2d 767, 771; *United States v. Alexander* (7th Cir.1984), 743 F.2d 472, 480; *McDonald v. Burrows* (5th Cir.1984), 731 F.2d 294, 299; *Barnette v. Evans* (11th Cir.1982), 673 F.2d 1250, 1252; *United States v. Carson* (5th Cir.1982), 669 F.2d 216, 217–18; *In re Thompson* (S.D.Tex.1976), 416 F.Supp. 991, 996; *In re Wilson* (Bankr.E.D.Tenn. 1983), 30 B.R. 91, 97; *People v. Milne* (1984), Colo., 690 P.2d 829, 837–38; *State v. Angle* (1984), Iowa, 353 N.W.2d 421, 424; *People v. Topping Brothers, Inc.* (1974), 79 Misc.2d 260, 261–62, 359 N.Y. S.2d 985, 987. *See contra In re Penny* (W.D.N.C.1976), 414 F.Supp. 1113, 1115; *In re Strassman* (Bankr.E.D.Pa.1982), 18 B.R. 346, 347; *In re Lake* (Bankr.S.D. Ohio 1981), 11 B.R. 202, 205. I would adopt the view taken by the majority of these courts.

The fact that a criminal defendant's personal liability has been discharged in bankruptcy does not preclude an order of restitution as a component of a criminal sentence. Probation is a criminal sanction aimed at providing an offender with the opportunity to rehabilitate himself without being confined to a correctional institution. *Carson*, at 217; *Alexander*, at 480; *Milne*, at 837. Restitution, as a condition of probation, can be an instrumental part of the offender's rehabilitation.

'Restitution can aid an offender's rehabilitation by strengthening the individual's sense of responsibility. The probationer may learn to consider more carefully the consequence of his or her actions. One who successfully makes restitution should have a positive sense of having earned a fresh start and will have tangible evidence of his or her capacity to alter old behavior patterns and lead a law abiding life. Conditioning probation on making restitution also protects the community's interest in having victims of crime made whole.'

*Carson*, at 218, *quoting Huggett v. State* (1978), 83 Wis.2d 790, 798, 266 N.W.2d 403, 407. *See also Milne*, at 837; *People v. Mosesson* (1974), 78 Misc.2d 217, 218, 356 N.Y.S.2d 483, 484. The primary goal of restitution is, therefore, to vindicate the rights of society, not to compensate the offender's victim, although that is certainly a result of the restitution. *Carson*, at 217; *Milne*, at 837. Thus, an order of restitution is as much a part of a criminal sentence as a fine or other penalty. *Milne*, at 837. The purpose of the Bankruptcy Act, on the other hand, is to give overextended individuals a fresh start financially. *Perez v. Campbell* (1971), 402 U.S. 637, 648, 91 S.Ct. 1704, 1710–11, 29 L.Ed.2d 233, 241. It is not meant to be used as a refuge for those seeking to avoid responsibility for their criminal acts. *Milne*, at 837; *Topping Brothers*, 79 Misc.2d at 261–62, 359 N.Y. S.2d at 987; *Mosesson*, 78 Misc.2d at 219, 356 N.Y.S.2d at 485. Therefore, I would agree with those courts which have found that, in the circumstances of this particular case, a restitution order does not impinge on any of the defendant's federally protected rights."

*Miller*, Ind.App., 496 N.E.2d at 595–596. We therefore find the trial court did not err in this regard.

■ Finally, Defendant and the State agree that the trial court failed to determine Defendant's ability to pay the amount of restitution ordered, pursuant to Ind. Code § 35–38–2–2(a)(5). This statute authorizes the court to order restitution or reparation to the victim for damage or injury done in the commission of the crime;

however, it requires that the amount not exceed an amount the person can or will be able to pay. The statute also authorizes the court to fix the manner of performance. This provision clearly requires the trial court to determine the defendant's ability to pay the amount of restitution ordered. *Smith v. State* (1984), Ind.App., 471 N.E.2d 1245, 1249, *tr. denied* (1985); *Sales v. State* (1984), Ind.App., 464 N.E.2d 1336, 1340. The trial court here neither made inquiry into Defendant's ability to pay the restitution of $17,000, nor set a manner of performance. We therefore remand this cause to the trial court with directions to hold a hearing and make findings on Appellant's ability to pay the ordered restitution, and to set the manner of performance of such payment.

In all other respects, the trial court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The trial court denied a motion to dismiss predicated upon the absence in the information of an allegation of an intent to defraud. The prosecution argued at the conclusion of the trial that it did not construe the statute to require proof of intent to defraud, but that if the statute did so require, it had satisfied the requirement. In finding appellant guilty the trial court noted the later amendment expressly adding intent to defraud, and referred to the statute as an "unusual" one. This record is obscure in reflecting whether or not the trial judge construed it as requiring proof of an intent to defraud. Appellant argues for the first time in the petition to transfer that the trial court took the position that proof of intent to defraud was not required for conviction. This argument is so closely related to the dismissal ruling and the sufficiency of evidence determination, that it is appropriate in order to avoid a potential injustice, for this court to consider that argument on its merits. I vote to remand to Judge Stewart for a clarification of his judgment of conviction so as to reflect whether or not he did or did not construe the criminal statute to require the element of an intent to defraud.