947 F.2d 952
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Doyle YOUNG, Defendant-Appellant.
 No. 90-30051.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1991.*
Decided Nov. 1, 1991.
 
 Before JAMES R. BROWNING, CANBY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Young appeals from his conviction on three counts of armed bank robbery, three counts of use of a firearm to commit each bank robbery, and from his sentence.
 
 
 3
 Young argues that trial on the charges based on the first robbery should have been severed from those based on the latter two. We review denial of severance motions for abuse of discretion. United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir.1987).
 
 
 4
 The defendant must show that "the denial was so manifestly prejudicial that it overcomes the dominant concern [of joint trials] with judicial economy." Id. (internal citation omitted). "If all of the evidence of the separate count[s] would be admissible upon severance, prejudice is not heightened by joinder." Id.
 
 
 5
 Federal Rule of Evidence 404(b) allows introduction of "other crimes evidence" where it may be utilized to establish, inter alia, proof of identity. Such evidence can be introduced if (1) there is clear and convincing evidence the defendant committed the other crimes; (2) the prior criminal conduct is not too remote in time from the crime charged; (3) the other conduct is similar to the charged offense; and (4) the prior acts are introduced to prove an element of the charged offense that is a material issue in the case. See United States v. Bailleaux, 685 F.2d 1105, 1110 & n. 1 (9th Cir.1982). All four requirements are met in Young's case.
 
 
 6
 First, Young's part in the two later robberies was established by clear and convincing evidence.[1] Second, all three robberies occurred within a single month and involved similar modus operandi. Third, proof of the other crimes could have been introduced to establish identity, a primary issue in the case. Since in any event the evidence supporting the separate counts would have been admissible to prove identity in the trial of the first count, denial of the motion to sever would not appear to have been prejudicial. See Johnson, 820 F.2d at 1070-71.
 
 
 7
 Young claims he was prejudiced because he was denied the opportunity to present an alibi defense to the January 4 robbery count, but avoid testifying on the other two robbery counts. "If a defendant seeks severance because he wishes to testify on some counts and not others, he must show that he has important testimony to give on some counts and a strong need to refrain from testifying on those he wants severed." United States v. Nolan, 700 F.2d 479, 483 (9th Cir.1983); United States v. DiCesare, 765 F.2d 890, 898 (9th Cir.1985). Young does not present a "strong need to refrain from testifying" on the other two counts. His only claim is that his testimony would be used against him on these counts and in sentencing. A defendant's rights are not violated simply because he faces the possibility that his testimony may be used against him. Nolan, 700 F.2d at 483 (possible use in pending state murder trial not sufficient grounds to sever); United States v. Yarbrough, 852 F.2d 1522, 1530 (9th Cir.1988) (possibility of future state court prosecution based on testimony not sufficient grounds to sever). The district court did not abuse its discretion in denying severance.
 
 
 8
 Young claims that the in-court identifications of five eyewitnesses were improperly suggestive. We review for abuse of discretion. United States v. Domina, 784 F.2d 1361, 1369 (9th Cir.1986). "An abuse of discretion occurs only if the resulting in-court identification procedures are so unnecessarily suggestive and conducive to irreparable misidentification as to amount to a denial of due process of law...." Id. (internal quotations omitted).
 
 
 9
 Young claims witnesses Cobb, Taylor and Treadway were unreliable because they saw the bank robber briefly and could only identify his eyes; and witness Knori's testimony was unreliable because he was able to identify Young only after he had completed his initial testimony, left the stand, and passed Young at defense counsel's table while leaving the courtroom. Young conceded at trial that he had been to see Knori and that Knori could identify him. Young's counsel had an opportunity to cross-examine the other three witnesses and discount their testimony in summation to the jury. See Domina, 784 F.2d at 1369. The trial court did not abuse its discretion in admitting the identification testimony of all four witnesses.
 
 
 10
 Young claims the government supplied evidence indicating bias on the part of witness Anderson too late for Young to make effective use of it. Defense counsel had an opportunity to cross-examine Anderson regarding her identification, and to address the jury regarding her testimony. Moreover, the court allowed the defense to reopen its case to present the information allegedly raising the possibility that Anderson was biased. Cf. United States v. Roberts, 783 F.2d 767, 769-70 (9th Cir.1985) (no abuse of discretion to exclude evidence of bias where jury already has sufficient information to appraise bias). The district court did not abuse its discretion in allowing Anderson's testimony to go to the jury.
 
 
 11
 Young claims the jury instructions "left the jury with the impression" it could convict the defendant solely on the basis of the eyewitness testimony. "So long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985). The instructions given were recommended in the Manual of Model Criminal Jury Instructions for the Ninth Circuit (§§ 1.05, 1.07) and adequately addressed the considerations the jury should weigh in assessing identification testimony. See, e.g., Manson v. Brathwaite, 432 U.S. 98, 114 (1977) (setting out criteria for assessing eyewitness testimony). There was no abuse of discretion.
 
 
 12
 Young argues that he should not have been sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines[2] because his Idaho conviction does not qualify as a "crime of violence" as defined in § 4B1.2(1)[3] for purposes of § 4B1.1. Young argues the offense defined in the Idaho statute under which he was convicted (Idaho Code § 18-1401) would have permitted conviction for conduct that did not constitute a "crime of violence" under Taylor v. United States, 110 S.Ct. 2143 (1990), because the Idaho statute did not necessarily require an "unlawful or unprivileged entry," id. at 2158, and we are precluded by Taylor from examining the particular facts of the case to determine if the omitted element was present in this instance. We held in United States v. Sweeten, No. 90-30343, slip op. at 12231 (9th Cir. May 20, 1991, as amended August 30, 1991), that we may consider the actual characteristics of the offense for which a defendant was convicted if we can do so without "searching inquiry into the underlying facts of a defendant's conviction." Here the district court had before it Young's sworn statement admitting he illegally entered a dwelling to commit the burglary. As in Sweeten, where the court found that the defendant's signed guilty plea could be utilized to determine whether physical force was used, id., Young's signed confession demonstrates that he was convicted of a "crime of violence" within the meaning of the career offender guidelines.[4]
 
 
 13
 Young's convictions and sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Evidence supporting the conclusion that Young committed the two later robberies includes: testimony as to Young's activities on the days of the robberies; use of the same gun and clothes during the first two robberies; the theft of Andrew Knori's motorcycle; the identification of Young's mother's car as the escape car in the latter two robberies and tire tracks consistent with the car at the scene of the abandoned motorcycle; the failure of Young to produce his promised alibi witness; shoe prints consistent with Young's; the purchase of the stocking cap; and eyewitness identification at the scene of the crimes
 2 U.S.S.G. § 4B1.1 states:
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal ... is greater than the offense level otherwise applicable, the offense level [for a career criminal] shall apply. A career offender's criminal history category in every case shall be Category VI.
 
 
 [3]
 Guideline § 4B1.2(1) states:
 The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that--
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
 (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 [4]
 We do not need to reach the issue of whether a two level adjustment for obstruction of justice was proper since we affirm the district court's sentencing of Young as a career offender and the career offender offense level is higher than the otherwise applicable offense level would be even if it were raised two levels for obstruction of justice