**In re Carlton Tyrone CALDWELL, Vernell Larvinia Hudson Caldwell, Debtors.**

**Bankruptcy No. 7–80–00288.**

United States Bankruptcy Court, W. D. Virginia, Roanoke Division.

Sept. 4, 1980.

George W. Harris, Jr., Roanoke, Va., for debtors.

Daniel F. Layman, Jr., Roanoke, Va., for Kroger Co.

MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The Debtor by Counsel filed a petition in this Court seeking a determination of whether or not The Kroger Company (Kroger) is in violation of the stay of 11 U.S.C. § 362 by proceeding with criminal charges against the Debtor, Carlton T. Caldwell, in the General District Court of the City of Salem or should be enjoined from so doing.

Counsel for Kroger and Counsel for the Debtor agree upon the facts as set forth in the petition of the Debtor. The Debtor became indebted to Kroger in the sum of $986.51, which included a $24.68 sum representing a "bad check" dated September 26, 1979. On November 2, 1979 an employee of Kroger proceeded to have issued out of the General District Court for the City of Salem, Virginia, a criminal warrant against the Debtor for the "bad check" in question. However, for reasons not appearing of record, the warrant was never served upon the Debtor until May 24, 1980, following the filing by debtor of a Chapter 13 case in this

Court on March 17, 1980. Meanwhile, a civil proceeding was commenced by Kroger on December 7, 1979 in the General District Court of the City of Roanoke, Virginia and on January 2, 1980 a civil judgment was entered by said Court for the above amount including the sum of $24.68 representing the "bad check".

The Debtor's plan proposed payment to all general creditors 100% of their indebtedness. On April 14, 1980 notice went forth to the creditors fixing the date of April 28, 1980 for a Meeting of Creditors pursuant to 11 U.S.C. § 341 with confirmation hearing later the same day. Confirmation was entered without objection, confirming the Debtor's plan on April 30, 1980. The criminal warrant was served twenty–four (24) days later on May 24, 1980. (The record does not disclose the repository of the criminal warrant from the date of issue on November 2, 1979 until its service upon debtor on May 24, 1980.)

The Debtor contends that the thrust of the creditor's actions involving the criminal process is for the purpose of thwarting the provisions of the Federal Bankruptcy Code in that said creditor is utilizing the threat thereof to extract a preferential payment in behalf of Kroger to the prejudice and exclusion of other general creditors dealt with in debtor's Chapter 13 case.

Counsel for Kroger contends that 11 U.S.C. § 362(b)(1)[1] providing for automatic stay of all actions and proceedings against the Debtor, excludes therefrom "the commencement or continuation of a criminal action or proceeding against the Debtor"; that by virtue of the foregoing provision this Court has no jurisdiction to hear or determine the matters surrounding the criminal process in the State Court.

At the outset, this case draws into focus what might appear to be conflicting provisions of the *Bankruptcy Reform Act* of 1978. As above stated, 11 U.S.C. § 362 provides for automatic stay of actions involving a debtor whose petition has been filed in this Court and specifically excludes criminal proceedings. 28 U.S.C. § 1471 vests jurisdiction in the Bankruptcy Court, which is exercisable over all matters affecting a case filed under 11 U.S.C. § 101, *et seq.* 28 U.S.C. § 1481 vests in the Bankruptcy Court powers of a court of equity, law and admiralty with the exceptions noted not germane to this decision.

The foregoing is a codification of the pronouncements of the United States Supreme Court in years past. In *Pepper v. Litton* (1939) 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281; the Court stated that the broad jurisdictional and equitable powers granted this Court are exclusive of all other courts. The Bankruptcy Reform Act of 1978 broadens extensively this jurisdiction which existed prior thereto.

The principles set forth in *Pepper* requires this Court to prohibit one creditor from receiving preferential treatment ahead of other creditors in the same class. In the case at bar, Kroger, being a general unsecured creditor, must be accorded the same treatment in the allowance and payment upon its claim as other general unsecured creditors receive.

11 U.S.C. § 362(b)(1) excludes from this Court's domain the prosecutional function of enforcing the criminal laws and the protection of society by the duly acting officials in charge thereof. Historically, no civil court of law or equity has sought to interfere with the prosecution of criminal proceedings in courts administering the criminal laws vested in its jurisdiction. On the other hand, the Constitution of the United States vested in the Congress the authority to enact uniform bankruptcy laws. The bankruptcy courts have exercised these powers in passing on a wide range of problems. They have been invoked to the end that fraud will not prevail, that substance will give way to form, that technical considerations will not prevent

---

1. (b) "The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor."

substantial justice from being done. *See Pepper v. Litton, supra.* It therefore is incumbent upon this Court to make inquiry and determine from the facts and circumstances presented, if a creditor is seeking to utilize the criminal process as a means of extracting a preference not accorded other creditors similarly situated. On the other hand, if a creditor's actions are nothing more than aiding and assisting the prosecuting authorities in their rightful duties in protecting society by punishment for violation of the criminal laws, then such is obviously what the Congress intended in enacting 11 U.S.C. § 362(b)(1).

In the case of *In Re Penney,* 414 F.Supp. 1113 (W.D.N.C., 1976) and *In Re James,* 4 B.R. 115, 2 CBC 2d 322, the courts there were confronted with similar circumstances. In those cases the courts considered the realities of the case in light of the facts, finding that substance overrides form.

When we review the facts in the case at bar against the backdrop of the statutes and case law hereinabove cited, one must conclude that the efforts of the Kroger Company are not directed at the enforcement of criminal penalties for crime in the protection of society, but the thrust of which is to enforce payment of their claim by criminal sanctions to the exclusion of the *Federal Bankruptcy Reform Act of 1978.*

The criminal warrant was issued on November 2, 1979. This warrant in some manner was held (it does not show by whom) and was not served until May 24, 1980, some six or seven months following the date of its issuance and then only following the date of confirmation of this Chapter 13 plan. Additionally, the creditor proceeded to obtain judgment upon the "bad check" in question on January 2, 1980 upon a civil warrant issued December 7, 1979, following the issuance of the criminal warrant in question. From the foregoing chronology it would appear that the Chapter 13 case is the vehicle which has frustrated the creditor and generated further efforts in the criminal proceeding in what seems to be for the purpose of extracting to the exclusion of other creditors in this proceeding prefer-

ential payments of a civil judgment into which judgment the "bad check" was merged to the apparent satisfaction of the creditor, on January 2, 1980.

Therefore, in consideration of the foregoing, it is the conclusion of the Court that the efforts of the creditor to collect by the means herein employed of this debt should be enjoined. At the same time, the Court further concludes that the prosecuting authorities of the City of Salem should be permitted to exercise duties and responsibilities without any interference by this Court in the performance of their rightful duties of prosecuting the criminal laws within its jurisdiction and the extraction of criminal sanctions provided therein.

Accordingly, it is

ADJUDGED AND ORDERED that The Kroger Company be, and is hereby enjoined from proceeding to collect without the jurisdiction of this Court its claim which has been duly filed herein, including additionally the acceptance by said creditor of any ordered restitution as a result of any efforts by the prosecutional authorities of the City of Salem in the enforcement of the criminal laws of the Commonwealth of Virginia.

This order in no wise seeks nor is intended to restrict or be construed as interfering with the Prosecuting Attorney of the City of Salem or the General District Court of the City of Salem in the enforcement of the criminal laws of the Commonwealth of Virginia or otherwise and to fix fines and imprisonment for such crime or crimes as such authorities may deem appropriate including the calling of employees of the creditor as witnesses in behalf of the Commonwealth.