In re Leon E. REID, Debtor.

Leon E. REID, Plaintiff,

v.

Tom F. YOUNG et al., Defendants.

Adv. No. 80–0298.

United States Bankruptcy Court,
M. D. Alabama.

March 17, 1981.

E. Paul Jones, Alexander City, Ala., for plaintiff.

Ruth S. Sullivan, Dadeville, Ala., for defendants.

## MEMORANDUM OPINION

LEON J. HOPPER, Bankruptcy Judge.

This matter is before the court on the complaint of the debtor to enjoin certain criminal prosecutions instituted against him in the Circuit Court of Tallapoosa County, Alabama. At hearing herein February 27, 1981, at which Deputy District Attorney E. Paul Jones appeared for the defendants and attorney Ruth S. Sullivan appeared on behalf of the debtor, the parties agreed to submit the matter to the court on a stipulation of the facts.

The debtor seeks to enjoin the prosecution of charges pending against him consisting of disposing of mortgaged property and grand larceny of topsoil and timber. The same transactions that give rise to the debts scheduled as due the prosecution witness-defendants in this debtor's Chapter 13

case also formed the basis of the indictments against the debtor. During the month of April 1979 the debtor purchased a 1960 Chevrolet dump truck from Johnson Motors, Inc. A part of the consideration given by the debtor for this purchase was the promise of dozer work to be performed by him at a later time. Johnson Motors also took a promissory note and chattel mortgage on the dump truck. In August 1979 the debtor traded the dump truck for a tractor and thereafter informed Johnson Motors of this transaction.

During April 1979 the debtor and Gerald Mason entered into an agreement whereby the debtor would build a fish pond on Mason's property in exchange for the pulpwood and topsoil that would be removed from the site. The clearing was done and the debtor received the proceeds from the sale of the timber and topsoil. Construction on the pond was commenced, but the debtor's bulldozer was repossessed and the pond was not completed as agreed. The debtor arranged for someone else to complete the work on the pond, but the defendant Mason would not agree to this and demanded money for the consideration that had passed to the debtor.

Warrants were signed by the defendants prior to the filing of the Chapter 13 case and the indictments were secured after its filing. As stated above, the amounts due the defendants are scheduled in the Chapter 13 case and the debtor is offering to pay them in full through his Chapter 13 plan.

It is stated in the stipulation that defendant Johnson, the owner and representative of the defendant Johnson Motors, Inc., has stated that his interest is in receiving the money due him. It was further stipulated that Mr. Mason is demanding the money due him by reason of a breach of the contract between himself and the debtor.

While Section 362 of the Bankruptcy Code [1] provides an automatic stay of almost any action against the debtor or the debt-

---

1. 11 U.S.C. §§ 1301–1330. All chapters and sections cited are to Title 11, United States Code, the Bankruptcy Code.

or's property, subsection (b)(1) thereof excepts criminal proceedings from the automatic stay. However, this exception should not be construed to mean that this court is barred from ordering such stay where it is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. Section 105. This court is generally reluctant to enter injunctive orders on criminal proceedings and will exercise its power to do so only in those cases where the prosecuting parties are subverting the legal processes of the bankruptcy court.

■ Where the actions of the prosecuting creditors and their statements reveal that their efforts are directed toward collection of debts due them and thereby gain preferential treatment over other creditors, a stay of the criminal proceedings is warranted.

In In re Caldwell, 5 B.R. 740, CCH Bankruptcy Law Reporter, ¶ 67,664 (W.D.Va. 1980), a Chapter 13 case, the court stated:

> When we review the facts . . . one must conclude that the efforts of the [creditor] are not directed at the enforcement of criminal penalties for crime in the protection of society, but the thrust of which is to enforce payment of their claim by criminal sanctions to the exclusion of the Federal Bankruptcy Reform Act of 1978.

The court in Caldwell enjoined the creditor from proceeding. It reasoned that the exception of Section 362(b)(1) of the Code applied only where the "creditor's actions are nothing more than aiding and assisting the prosecuting authorities in their rightful duties in protecting society by punishment for violation of the criminal laws."

A creditor was restrained from proceeding with the prosecution of a criminal action in In re James, 2 CBC2d 323 (W.D.N.C. 1980), a Chapter 7 case, where the court concluded that the creditor's action was "instituted solely to collect a civil debt which is listed on the debtor's petition in bankruptcy" and found that to allow the creditor to proceed would "wholly frustrate the jurisdiction and judgments of the Bankruptcy Court."

While it is apparent to this court that the interest of the district attorney is only in upholding the laws of the State of Alabama, it appears that the prosecuting witnesses are attempting to use the state criminal courts to collect moneys that the debtor is offering to pay them through his Chapter 13 case. This court finds that justice would be better served by permitting this debtor to pay through this court.

Accordingly, an order will enter staying the defendants from proceeding in the state courts against the debtor. However, this injunction will continue only so long as the debtor complies with his plan and makes his payments in order that full payment will be afforded the defendants.