**In re Roscoe LAKE, Jr. Vickie Eileen Lake aka: Vickie Hilliard Lake fka: Vickie Hilliard, Debtors.**

**Bankruptcy No. 2–80–03433.**

United States Bankruptcy Court, S. D. Ohio, E. D.

April 20, 1981.

Nora E. Jones, Laborers' Local 423 Legal Service, William B. Logan, Jr., Zacks, Luper & Wolinetz Co., L. P. A., Columbus, Ohio, for debtors.

Frank Pees, Trustee.

Robert G. Fais, Columbus, Ohio, for Corvairs Warehouse Sales, Drug Emporium, Food World and Columbus Check Recovery.

## OPINION AND ORDER ON DEBTORS' APPLICATION FOR STAY OF CRIMINAL ACTIONS

R. J. SIDMAN, Bankruptcy Judge.

Roscoe Lake, Jr. and Vickie Eileen Lake, husband and wife, are joint debtors in a confirmed Chapter 13 case pending in this Court. The Lakes have filed an application with this Court requesting the Court to enter an order staying several of their creditors, including Corvairs Warehouse Sales, Drug Emporium, Food World, and Colum-

bus Check Recovery, and their agents and employees, including Columbus Check Recovery employees Paul Malowney and Don Hill, from continuing a criminal proceeding previously commenced to collect debts allegedly owed them by the debtors and commencing such criminal proceedings in the future. At the time the application was filed, and based upon the allegations of the application and certain affidavits submitted in support of the application, this Court issued a temporary stay of the continuation and commencement of certain criminal actions to collect debts. This temporary stay was issued October 29, 1980.

Hearings were subsequently held on the application at which time the creditors appeared through counsel and defended the merits of the application. The temporary stay issued on October 29, 1980, remains in effect pending this resolution of the merits of the application.

The Court makes the following findings of fact. Columbus Check Recovery is a sole proprietorship owned by Paul Malowney. It acts as a collection agency for its clients and also assists its clients in the processing and collection of their bad checks. Columbus Check Recovery earns a substantial portion of its income by assessing a "service charge" to the drawers of the bad checks and by taking a percentage of the funds collected. In May of 1980, three of Columbus Check Recovery's clients, Corvairs Warehouse Sales, Drug Emporium, and Food World, referred to it certain checks for collection. Each of the checks had been executed by the debtor, Vickie Eileen Lake, and had been previously returned to the payees with the bank advice that there were insufficient funds to cover the amount of the check. A check to Corvairs was dated April 1, 1980, and was in the amount of $4.00. A check to Drug Emporium was dated April 15, 1980, and was for the amount of $14.29. The first check to Food World was dated April 2, 1980, and was in the amount of $15.00; a second check to Food World was dated March 24, 1980, and was in the amount of $39.13; and a third check to Food World was dated April 5, 1980, and was in the amount of $26.98. It

is this last check which eventually resulted in criminal proceedings being commenced in the Franklin County, Ohio, Municipal Court on September 9, 1980, against Vickie E. Lake. The complainant on the charge of passing bad checks was listed as "Food World, Inc. (Paul Malowney/Columbus Check Recovery)". Paul Malowney, in fact, caused the complaint to issue. The charge was a violation of Columbus City Code Section 2305.08, issuing a check knowing the check would be dishonored, a misdemeanor in the first degree.

Prior to the initiation of this criminal proceeding, Columbus Check Recovery, through its agents, made several attempts, some successful and some unsuccessful, to contact Roscoe and Vickie Lake concerning the bad checks referred to it for collection. One payment was apparently made by the Lakes on July 1, 1980, in the amount of $49.13. It is the practice of Columbus Check Recovery to assess a $10.00 "service charge" for each bad check it processes. Thus, the $49.13 payment represents payment of the Food World check for $39.73 (there appears to be a 60-cent error) plus the $10.00 service charge. A second payment to Columbus Check Recovery in the amount of $27.00 was made by Vickie Lake on October 2, 1980, apparently in connection with the then pending criminal case.

The Chapter 13 petition of Roscoe and Vickie Lake was filed with this Court on September 16, 1980. Mr. Malowney of Columbus Check Recovery was aware of this filing at least as early as September 29, 1980, when he engaged in a phone conversation with debtors' counsel concerning the effect of the Chapter 13 proceeding on pending bad check charges that had been initiated by Mr. Malowney as agent for his clients.

The Court further finds that Columbus Check Recovery, in its business as a collection agency, pursues, on behalf of its clients, the collection of bad checks. Columbus Check Recovery pursues such collection efforts by use of the criminal process of the Franklin County, Ohio, Municipal

Court. The collection efforts taken by Columbus Check Recovery against Vickie Eileen Lake were instituted solely with the objective of ultimately securing payment on the bad check and the decision to proceed or not to proceed with these criminal charges rests almost entirely in the discretion of the complainant, Columbus Check Recovery in this instance. This conclusion is further buttressed by the statement of the Chief Prosecutor for the City of Columbus, Ohio, which has been admitted into the record of this case, stating, in effect, that the Prosecutor's Office would not continue any criminal proceedings against Vickie E. Lake on bad check charges, and would not institute similar proceedings in the future against Roscoe and/or Vickie Lake, should the Federal Bankruptcy Court enjoin Columbus Check Recovery, or its clients, from continuing or instituting such proceedings.

The jurisdictional foundation of the request made by the debtors in this case is found in § 105(a) of the Bankruptcy Code which provides:

"(a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

This jurisdictional grant is limited by the provisions of § 1481 of the Title 28 of the United States Code which provides:

"A bankruptcy court shall have the powers of a court of equity, law, and admiralty, but may not enjoin another court or punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment." 28 U.S.C. § 1481.

Neither the Franklin County Municipal Court, nor any of its officers, are named as parties to this matter, nor is any relief sought against them. The relief is requested solely against Columbus Check Recovery and its clients.

Section 362 of Title 11 of the United States Code describes the scope of the automatic stay that is imposed upon the commencement of a bankruptcy case. A major exception to the extent of this stay is contained in § 362(b)(1) which excepts the "commencement or continuation of a criminal action or proceeding against the debtor".

While the relief requested by the debtors in this case is premised upon § 105(a) of the Bankruptcy Code, it is relevant to note that at least one court has considered whether or not the exception to the automatic stay applies in the collection of bad check debts.

"It therefore is incumbent upon this Court to make inquiry and determine from the facts and circumstances presented, if a creditor is seeking to utilize the criminal process as a means of extracting a preference not accorded other creditors similarly situated. On the other hand, if a creditor's actions are nothing more than aiding and assisting the prosecuting authorities in their rightful duties in protecting society by punishment for violation of the criminal laws, then such is obviously what Congress intended by enacting 11 U.S.C. § 362(b)(1)." *In re Caldwell*, 5 B.R. 740, 742 (Bkrtcy.W.D.Va. 1980).

It is quite apparent in this case that the criminal proceedings against the Lakes were not instituted to vindicate the rights of the people of the State of Ohio. They were instituted in order to collect a bad check debt. Columbus Check Recovery offered to drop the criminal charges if the checks were made good and the $10.00 service charge for each check were paid. As such, the actions taken by Columbus Check Recovery on behalf of its clients, Corvairs, Drug Emporium, and Food World, constitute an impermissible and unlawful infringement upon the benefits granted to a debtor in seeking the protection of a bankruptcy court by the filing of a Chapter 13 petition.

"... the 'criminal' proceedings are not designed to vindicate the rights of the people of North Carolina. They were instituted to collect a debt.

Moreover, regardless of motive, the effect of the proceeding is to put the bankrupt in the position of conflicting duties. On the one hand, the bankruptcy court will order him to pay only a fraction of the

debt, if it is dischargeable. On the other hand, the State court has ordered him to pay it all, or go to jail.

This is exactly the situation Rule 401, and the underlying statutes, were designed to prevent. If the criminal action is allowed to proceed, the jurisdiction and judgments of the bankruptcy court will be wholly frustrated. Moreover, given the history of the matter, the criminal proceedings ought not go forward regardless of the sentence, or any change in it, because the same purpose could be achieved if a sentencing judge, or probation or parole officer, took repayment of the debt into account when dealing with Penny.

The only way to insure effectuation of the judgments of the bankruptcy court is to enjoin permanently criminal proceedings founded on this debt against Penny." *In re Penny*, 414 F.Supp. 1113, 1115 (W.D. N.C.1976).

While Columbus Check Recovery has attempted to clothe its actions in the legitimacy of the criminal process, it is clear to this Court that its intentions are not motivated by its sense of public duty. Its actions are clearly motivated by its desire to make money through the collection of bad checks, the collection of which is made immensely more likely through the threat and even use of the criminal process.

The use of § 105(a) of the Bankruptcy Code to extend the reach of the automatic stay provided for in § 362 was clearly contemplated by the drafters of the legislation. "The legislative history of Section 362(b)(4) shows that it was Congress' intent that an exception to the stay is not to make the action immune from injunction.

The Court has ample other powers to stay actions not covered by the automatic stay. Section 105 of proposed Title XI derived from the Bankruptcy Act, Section 2a(15), grants the power to issue orders necessary or appropriate to carry out the provisions of Title XI ... Stays or injunctions ... will not be automatic upon the commencement of a case, but will be granted or issued under the usual rules for the issuance of injunctions. By excepting an act or action from the automatic stay, the bill simply requires that the trustee move the Court into action, rather than requiring the stayed party to request relief from the stay. There are some actions enumerated in the exceptions that generally should not be stayed automatically upon the commencement of the case, for reasons of either policy or practicality. Thus, the Court will have to determine on a case-by-case basis whether a particular action which may be harming the estate should be stayed (House Report No. 95–595, 95th Cong. 1st Sess. [1977], 342–3; Senate Report No. 95–989, 95th Cong. 2nd Sess. [1978] 51–2)." *Schatzman v. Dept. of Health and Rehabilitative Services (In re King Memorial Hospital)*, 4 B.R. 704, 2 C.B.C.2d 639 (Bkrtcy.S.D.Fla.1980).

Based upon the foregoing, the Court hereby determines that the application of the debtors is meritorious and it is hereby granted. The Court hereby permanently enjoins and stays Corvairs Warehouse Sales, Drug Emporium, Food World, Columbus Check Recovery, Paul Malowney, Don Hill, and their agents and employees from continuing criminal proceedings heretofore commenced against Roscoe Lake and/or Vickie Lake, to collect debts allegedly owed them by the debtors, and from commencing such criminal proceedings hereafter on the checks delineated in this opinion and order or on debts or checks otherwise provided for in this Chapter 13 case.

IT IS SO ORDERED.