**In re Robert E. ASAY, a/k/a Bob Asay, and Cheri Asay, Debtors.**

**Bankruptcy No. 92–10032–7.**

United States Bankruptcy Court,
D. Montana.

June 18, 1992.

Russell C. Fagg, Deputy County Atty., Billings, Mont. for Yellowstone County.

Jerrold L. Nye, Nye & Meyer, P.C., Billings, Mont. for Robert E. Asay and Cheri Asay.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

After due notice hearing was held at Billings on June 10, 1992, on the Debtor's motion to dismiss criminal proceedings for automatic stay violation, filed May 27, 1992. No objection was filed before the hearing, but the Yellowstone County Attorney appeared in opposition to the Debtor's motion and filed a brief in opposition on June 10, 1992. The Debtor appeared and was represented at the hearing by counsel. No testimony was heard. Two (2) exhibits, consisting of the information and motion for leave to file information direct, were admitted into evidence, and argument of counsel was heard. At the close of the hearing this Court took the matter under advisement. Having reviewed the record and the parties' briefs, this matter is deemed submitted and is ready for decision.

At issue is whether Yellowstone County's felony criminal complaint against the Debtor Cheri R. Asay, based upon Mont. Code Ann. § 45–6–316 for issuing a bad check, should be enjoined under this Court's equitable power under 11 U.S.C. § 105(a), or whether such criminal proceeding is excepted from the stay under 11 U.S.C. § 362(b)(1). For the Debtor's failure to satisfy the Ninth Circuit's standard for enjoining a state criminal prosecution, her motion to dismiss the criminal complaint is denied.

The facts are not in dispute. On July 30, 1991, Debtor Cheri Asay issued a check for $1,150 to Big Sky Roofing. Her bank account had insufficient funds to cover the check. Big Sky Roofing filed a complaint with the Yellowstone County Attorney requesting that Debtor be prosecuted for issuing a bad check. The county attorney

contacted the Debtor in November 1991, offering the Debtor a chance to avoid prosecution if she would pay restitution for the check plus fees for a total sum of $1,267.29.

Debtor's attorney in the criminal matter, Arthur J. Thompson, wrote a letter to the Yellowstone County Attorney on November 19, 1991, offering to pay $750 immediately and the balance as soon as possible. Thompson further asserted that the Debtor had a complete defense to the charge of issuing a bad check, in that she lacked the requisite intent because she legitimately believed there were sufficient funds to cover the check. As a result of negotiations, Thompson wrote letters on November 27, 1991, and December 3, 1991, to the county attorney stating that the Debtor would pay the entire balance by March 1, 1992. Both sides understood that if the Debtor failed to pay by March 1, 1992, Yellowstone County would file charges. Pursuant to this agreement, no charges were filed until Debtor missed the March 1, 1992, deadline for payment.

The Debtors filed a joint voluntary Chapter 13 petition on January 8, 1992. The case was converted to Chapter 7 on February 3, 1992, on motion of the Debtors. In the Debtors' Schedule F, last filed March 17, 1992, Big Sky Roofing is scheduled as an unsecured nonpriority claim in the sum of $1,268. That debt is listed "C/O County Attorney's Office."

■ Debtor argues that the criminal complaint's sole purpose is to collect the debt, and thereby fails the "principal motivation" test set forth in *In re Caldwell*, 5 B.R. 740, 742 (Bankr.W.D.Va.1980); *In re Reid*, 9 B.R. 830, 832 (Bankr.M.D.Ala.1981); and *In re Lake*, 11 B.R. 202, 205 (Bankr. S.D.Ohio 1981). Those cases enjoined criminal prosecutions against the Debtors where the principle motivation was the collection of the debts, not the protection of society. Here, Debtor asserts that the "principal motivation" test is the applicable test, and that her felony bad check prosecution should be enjoined as a violation of the automatic stay.

As Debtor admits in her brief, there is another test, referred to as the "bad faith" test by the Debtor, which was followed to the exclusion of the "principal motivation" test by *Munroe v. Lasch*, 73 B.R. 909, 914, 916 (E.D.Wis.1987). A thorough discussion of the two tests is found in *In re Alten*, 108 B.R. 16, 17–18 (Bankr.D.R.I.1989). Referring to the "bad faith" test as the "abstention doctrine" set forth in *Younger v. Harris*, 401 U.S. 37, 43–49, 91 S.Ct. 746, 750–53, 27 L.Ed.2d 669 (1971), the court in *Alten* pointed out that the *Younger* abstention doctrine/bad faith test is the more recent trend and should apply in determining whether to enjoin a state court criminal proceeding. 108 B.R. at 17–18. As discussed below, the U.S. Court of Appeals for the Ninth Circuit has adopted the *Younger* test, which therefore applies to the instant motion.

Section 362(b)(1) provides that the filing of a bankruptcy petition "does not operate as a stay ... of the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1).

This Court has previously addressed § 362(b)(1) in *In re Vohs*, 1 Mont.B.R. 364, 366 (Bankr.Mont.1986) wherein this Court quoted the following passage from *In re Pellegrino*, 42 B.R. 129 (D.Conn.1984):

As the legislative history of Code Section 362(b)(1) states:

"The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial overextension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy."

House Report No. 595, 95th Cong. 1st Sess. 342, reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6299. See also S.Rep. No. 989, 95th Cong. 2nd Sess. 51, reprinted in 1978 U.S.Code Cong. & Ad. News 5787.

The U.S. Court of Appeals for the Ninth Circuit has stated:

We recognize that a bankruptcy court has the power to enjoin state criminal proceedings, but *Younger v. Harris*, 401 U.S. 37, 43–49, 91 S.Ct. 746, 750–53, 27

L.Ed.2d 669 (1971) defines the standard for the entry of such an order. The Supreme Court held that federal courts should not "restrain a [state] criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43–44, 91 S.Ct. at 750.

*In re Heincy,* 858 F.2d 548, 549 (9th Cir. 1988).

■ Clearly, the applicable test in the Ninth Circuit is the "bad faith" or *Younger* "abstention doctrine" test, and not the "principal motivation" test which the Debtor urges the Court to apply. Under the bad faith/*Younger* abstention standard, this Court should grant an injunction only under extraordinary circumstances, if the Debtor does not have an adequate remedy at law and will suffer immediate irreparable injury, that is, unless the injunction is necessary to preserve a federally protected right if denied equitable relief. *Heincy,* 858 F.2d at 549; *Alten,* 108 B.R. at 18 (other citations omitted).

■ The Debtor has not met this test. Having instead argued for the "principal motivation" test, she did not even attempt to meet the *Younger* test. However, even under the "principal motivation" test the Debtor would not prevail. Relief under that test was granted in *Caldwell* in part because the bad check was in the sum of $24.68 out of a total debt of $968.51. 5 B.R. at 742. In *Reid* the injunction was granted because the court found that justice would be better served by permitting the Debtor to pay the debt in full through a Chapter 13 Plan rather than letting the state criminal courts collect. 9 B.R. at 832. In *Lake,* the bad check charge was a misdemeanor. 11 B.R. at 203. The creditor in *Lake* was a collection agency clearly motivated by its desire to make money through the collection of bad checks, and used the threat of criminal prosecution to increase the likelihood of collection. *Id.* at 205. The *Lake* court based its injunction on 11 U.S.C. § 105(a). *Id.*

No equivalent equitable considerations exist in the instant case. The check was for $1,150, far exceeding the felony amount of $300. The Debtor entered into an agreement with the county attorney in which the county attorney agreed to delay filing a criminal complaint for four (4) months in order to give the Debtor an opportunity to pay. The county attorney kept his side of the agreement, thereby refuting any suggestion that the creditor controlled the filing of charges. The Debtor failed her part of the agreement, instead filing for bankruptcy and listing the debt as an unsecured nonpriority debt subject to discharge. When the agreed-upon March 1, 1992, deadline expired the county attorney filed criminal charges, as both sides contemplated in their agreement embodied in Debtor's attorney's letter of December 3, 1991.

All things considered, I fail to find that the principal motivation for the filing of the criminal charge in this case was for the collection of the debt. More importantly under the applicable *Younger* abstention doctrine, I find that Debtor has failed to show she has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Heincy,* 858 F.2d at 549. On the contrary, the Debtor's criminal attorney asserts that she has a complete defense to the charge, i.e., lack of intent. She is now free to assert that defense at trial on the criminal complaint. Rather than infringe on the province of the state courts, and in the interests of federalism and comity as set forth in *Younger,* 401 U.S. at 44, 91 S.Ct. at 750, 27 L.Ed.2d 669, this Court declines to exercise its equitable power under § 105(a) to enjoin this criminal prosecution, which was not stayed by the filing of the bankruptcy petition under § 362(b)(1).

IT IS ORDERED the Debtor's motion to dismiss the criminal complaint under § 362 for automatic stay violation, filed May 27, 1992, is denied.