In re SHENANGO GROUP, INC., She-
nango Incorporated and The Hock-
ensmith Corporation, Debtors.

Paschal F. BELCULFINE, Scott Berring-
er, Guy Gadola, Margaret Hromyak, Ed-
ward Krafft, Betty Lawrence, Josephine
Nauman, Ken Sekersky, James R. Zwikl,
Richard Owen, H. Spencer Carlough,
Richard Bornes and other similarly situ-
ated individuals, Plaintiffs,

v.

Andrew ALOE and Mark
A. Aloe, Defendants,

v.

SHENANGO INCORPORATED,
Third Party Defendant.

Bankruptcy Nos. 92–25377
JLC to 92–25379 JLC.
Adv. No. 94–2407.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 23, 1995.

Clem C. Trischler, Raymond G. McLaughlin, Pietragallo, Bosick & Gordon, Pittsburgh, PA, for defendants.

Todd T. Zwikl, Lee R. Golden, Pittsburgh, PA, for plaintiffs.

Joy Flowers Conti, Wendy E.D. Smith, Peter J. Davis, Kirkpatrick & Lockhart, Pittsburgh, PA, for third party defendant.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

The court is presented with motions for summary judgment of Andrew Aloe and Mark A. Aloe ("Aloes") and Shenango Incorporated Plaintiffs' motions for summary judgment are also pending. For the reasons expressed hereinafter, the motions of the Aloes and Shenango shall be granted. The motions of the Plaintiffs' shall be denied.

*Facts*

This matter originates from the bankruptcy proceeding of Shenango, Shenango Group, Inc., and the Hockensmith Corporation which is currently before this court. Shenango filed its voluntary Chapter 11 petition on December 14, 1992 and its reorganization plan became effective on April 29, 1994.

Plaintiffs are former employees of Shenango who claim they are owed specific sums of

money for vacation and supplemental retirement benefits. Several plaintiffs were terminated as employees post-petition while others had been terminated well before the filing. Plaintiffs Belculfine, Sekersky, Gadola, Hromyak, Bornes and Berringer claim accrued vacation benefits. Plaintiffs Krafft, Lawrence, Zwikl, Carlough, Owen and Nauman claim additional funds arising from individual compensation and separation agreements. All Plaintiffs' claims were objected to and have been settled by agreement, are presently being litigated or have been adjudicated.

Defendant Mark A. Aloe served as a member of the Board of Directors from March 25, 1986 until February 17, 1993 and was Chief Executive Officer and Chairman of the Board of Directors from March 25, 1986 through June 20, 1990. Defendant Andrew Aloe has served on Shenango's Board of Directors since March 25, 1986 and has been Chief Executive Officer at all times subsequent to the petition date.

This action was originally filed postpetition by Plaintiffs against the Aloes in the Court of Common Pleas of Allegheny County for recovery of amounts for which Plaintiffs have also filed proofs of claim. The complaint was filed approximately five months after confirmation of Shenango's plan. The matter was removed to the United States District Court for the Western District of Pennsylvania and referred to this court pursuant to 28 U.S.C. § 1334. At the time of referral Plaintiffs had pending a motion for summary judgment which was similarly referred to this court. An order was entered staying the motion pending disposition of the motion challenging the viability of the cause of action. Plaintiffs subsequently filed a Second Motion for Summary Judgment which alleged that this court lacked jurisdiction, that the parties colluded to invoke the jurisdiction of this court and further, that the Aloes were not entitled to indemnification by Shenango as sought in their third party complaint. Many of the jurisdictional arguments were unsuccessfully raised at the district court. Plaintiffs subsequently amended their complaint in March of 1995 to add additional parties.

The present action was filed pursuant to 43 P.S. § 260.1 et seq., also known as the Pennsylvania Wage Payment and Collection Law ("WPCL"). The complaint asserts that the Aloes are responsible under the WPCL for fringe benefit payments that Shenango did not pay.

The parties agree that Shenango remitted all wages, wage supplements and fringe benefits due each plaintiff up until the petition date. Upon the filing of the bankruptcy, the payments ceased.

Aloes argue that summary judgment should be granted because Plaintiffs' claim is preempted by the bankruptcy code and that they were relieved of any obligation as of the date of filing.

Shenango argues that summary judgment is appropriate on the basis that no wages or fringe benefits were "due and payable"; that the Aloes did not have any policy or decision making role after the filing of the petition; the bankruptcy code preempts the WPCL; and Plaintiffs are barred by the confirmation of the plan.

*Analysis*

■ The standard for summary judgment as set forth in Rule 56 of the Federal Rules of Civil Procedure incorporated in Rule 7056(c) of the Federal Rules of Bankruptcy Procedure is as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Once the moving party shows that there is no genuine issue of material fact the burden is placed on the nonmoving party to show that a genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The facts that form the basis for Plaintiffs request for relief and the present motions are not in dispute. Accordingly, the matter is appropriate for consideration of summary judgment.

## A. Applicability of the WPCL

The court is presented with the issue of whether the officers of a debtor-in-possession are responsible under the Wage Payment and Collection Law of Pennsylvania for post-petition payments the debtor/employer ceases to make upon the filing of its bankruptcy petition. The WPCL is an act relating to the payment of wages and fringe benefits and providing employees with a vehicle for collection and penalties for failure to pay. For example, 43 P.S. § 260.3(a) provides that every employer shall pay all wages due on regular paydays designated in advance and that wages shall be due and payable within a specified number of days after the expiration of the pay period.

The WPCL defines "employer" to include "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. § 260.2a. Plaintiffs assert that this definition of employer includes corporate officers such as the Aloes. The United States Court of Appeals for the Third Circuit has stated that "there is no question that the legislature intended to include at least the highest ranking corporate officers ... who established and implemented the policy for the nonpayment ..." *Carpenters Health and Welfare Fund of Philadelphia and Vicinity by Gray v. Kenneth R. Ambrose, Inc.,* 727 F.2d 279, 283 (3d Cir.1983). The court reasoned that since these executives had made the decision not to pay the benefits entitled to the claimants, they were the officers whom the legislature intended to fall within the coverage of the WPCL. The Pennsylvania Superior Court agreed with the *Ambrose* reading of the WPCL and held that "[i]t is undeniable that the definition of employer encompasses an officer of [a] corporation, thus, we construe the WPCL to impose liability here on the members of a delinquent corporation." *Amalgamated Cotton Garment and Allied Industries Fund v. Dion,* 341 Pa.Super. 12, 491 A.2d 123, 125 (1985).

■ Plaintiffs are seeking recovery of vacation pay and supplemental retirement benefits. These types of benefits fall within the statutory definition of "fringe benefits or wage supplements". Pursuant to 43 P.S. § 260.2a such benefits include "all monetary employer payments to provide benefits under any employe [sic] benefit plan ... as well as separation, vacation holiday or guaranteed pay."

■ Regarding the payment of fringe benefits or wage supplements, 43 P.S. § 260.3(b) provides that:

> [e]very employer ... who agrees to provide fringe benefits or wage supplements, must pay or provide the fringe benefits or wage supplements, as required ... within 10 days after such payments are required to be made directly to the employe [sic], or within 60 days of the date when proper claim was filed by the employe [sic] in situations where no required time for payment is specified.

Absent bankruptcy, the Aloes, in their positions as officers of Shenango, would have been liable for claimed amounts pursuant to §§ 260.2a and 260.3(b). Any sums that may have been due and owing prior to the filing of the petition would appear to be covered by the WPCL and, thus, may have been obligations .of the Aloes. However, Plaintiffs' claims arose upon the *postpetition* cessation of Plaintiffs' benefits. The claims arise from a prepetition obligation but with payments due postpetition. Accordingly, this places the obligation of the Aloes in a different context.

## B. Preemption

■ Any discussion of federal preemption must begin with the supremacy clause.

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof, and all Treaties made, or which shall be made, under the authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, and any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const., art. VI, cl. 2.

Constitutional authority is vested in Congress "[t]o establish ... Uniform Laws on the subject of Bankruptcies throughout the

United States." *Id.*, art. I, § 8, cl. 4. Courts have henceforth held that "[o]wing to the supremacy clause, federal bankruptcy law preempts state law; as one of Congress' enumerated powers, the power to enact bankruptcy laws is limited only by the substantive guarantees contained in the Constitution." *In re Goerg*, 844 F.2d 1562, 1565 (11th Cir.1988), *cert. denied*, 488 U.S. 1034, 109 S.Ct. 850, 102 L.Ed.2d 981 (1989).

With regard to an actual conflict between a state and federal law, the Supreme Court has stated that such a conflict exists:

> when 'compliance with both federal and state regulations is a physical impossibility,' *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–143, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963), or when state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' *Citations omitted.*

*Brown v. Hotel and Restaurant Employees and Bartenders Int'l Union Local 54*, 468 U.S. 491, 501, 104 S.Ct. 3179, 3185, 82 L.Ed.2d 373 (1984).

■ Once a bankruptcy petition is filed, the debtor in a Chapter 11 is barred from paying prepetition claims by any method other than plan payments or order of court. Furthermore, the debts that arose prior to filing are discharged upon confirmation of the plan. 11 U.S.C. § 1141(d). The amounts to be received pursuant to the plan are new obligations between the claimants and the debtor. Upon confirmation of the plan, the claimants are bound by its provisions. 11 U.S.C. § 1141(a).

■ If the WPCL is construed to mandate full payment by the Aloes of Plaintiffs' claims, they would be forced to pay monies that a debtor is not permitted to pay prior to the confirmation of its plan. Upon confirmation, a debtor's obligation is only the amount provided for in the plan. To require the Aloes to assume responsibility for amounts that Shenango is not obligated to pay is, in effect, requiring them to make a contribution to the corporation on the basis of the position they held as officers of the debtor-in-possession.

While there are federal tax statutes which impose a personal legal obligation on the person responsible for the payment of "trust fund" taxes, those statutes are distinguishable. In those instances, the person required to collect, account for and turn over the taxes are held accountable. Further, the taxes for which liability is imposed are "trust fund" taxes, i.e. taxes that have been withheld from employee wages. Upon withholding, a separate "trust" fund is theoretically created from which the taxes are to be paid. That is not the case under the WPCL. Under WPCL, no separate source of payment or "trust" exists. Instead, officers of corporations are being held personally liable for debts of the corporation. Any monies paid pursuant to that liability are paid from personal funds.

■ The WPCL does not create an obligation on the officers who hold office at the time of entry into the relevant employment agreements. Rather, the statute imposes an obligation on the officers at the time nonpayment occurs. In the instant case, the prepetition officers made the requisite payments. Plaintiffs' claims constitute prepetition claims because the obligations arose prior to filing. Payments on those claims were made prepetition. The obligations did not go unpaid until after the filing. The officers responsible would be the postpetition officers of the debtor-in-possession. To require postpetition officers to make personal payments interferes with the bankruptcy code and its established distribution scheme.

If, for example, the officer in charge at the time of the lack of payment was a Chapter 11 trustee, the trustee could not be personally obligated to make such payments. Shenango, as debtor-in-possession has the same capacity as a trustee.

Similarly, if this case were a Chapter 7, the bankruptcy estate could not make payments on these prepetition obligations on an ongoing basis during the administration of the Chapter 7 case. A Chapter 7 trustee could not make any payments to Plaintiffs until final distribution. At such time, Plaintiffs would receive whatever pro rata portion of their claims was available to pay creditors of

that priority. The trustee would not be personally responsible for the balance of the amounts that those claimants did not receive postpetition.

The WPCL is not applicable to debtors-in-possession or trustees. This is further supported by the fact that Section 260.2a of the WPCL, in defining "employer", makes no mention of trustees of debtor-in-possession. It does specifically mention "receiver or other officer of a court of this Commonwealth". 43 P.S. § 260.2a. The doctrine of *inclusio unius est exclusio alterius* would appear to apply. That is, where the "law expressly describes particular situation to which it shall apply, an irrefutable inference must be drawn that what is omitted or excluded was intended to be omitted or excluded". Black's Law Dictionary 763 (6th Ed. 1990). Trustees and debtors-in-possession have unique fiduciary and legal obligations pursuant to the bankruptcy code. WPCL, a state statute, cannot place burdens on them where the result would contradict the priorities established by the federal bankruptcy code.

Interpreting the WPCL as Plaintiffs have suggested creates an unwarranted obstacle to attaining the objectives sought by the bankruptcy code. *See Brown, supra.* It would undermine the distribution scheme set forth by the bankruptcy code as it would require the debtor-in-possession's officers to make payments that the bankruptcy code prevents the debtor from making. It would create two payments for these claimants; one from the estate, the other from officers of the estate.

Additional evidence of this interference arises from consideration of 11 U.S.C. § 502(b)(4). Section 502(b)(4) limits benefits from an employment contract to one year. The WPCL would ostensibly allow claimants to recover all benefits associated with employment contracts without regard to any time limitation. If postpetition payments for prepetition accrued vacation benefits and/or supplemental retirement benefits which exceed one year are paid by officers of a debtor-in-possession pursuant to the WPCL, the limitations set forth in the code will be circumvented. Such a recovery would allow certain claimants to obtain a greater percentage of their claim by virtue of a state statute while other creditors would recover only that amount permitted by federal statute. The application of the WPCL, a state statute, would result in a conflict with the federal law.

Plaintiffs, in their response to the motions for summary judgment, assert that the WPCL is not preempted by the bankruptcy code. In so arguing, they rely, in part, on the cases of *In re Johnston,* 24 B.R. 685 (Bankr.W.D.Pa.1982) and *In re Konidaris,* 87 B.R. 846 (Bankr.E.D.Pa.1988). These cases are distinguishable. In both cases, the debtors were corporate officers. Here the corporation is the debtor. In *Johnston,* this court found that liability attempted to be imposed under the WPCL could not be declared nondischargeable debt of the officer/debtors. There was not sufficient evidence that debtors as officers were acting in a trust relationship with the employees. The court did not make a determination of actual liability under the state statute. Additionally, in *Johnston* the issue of preemption was not addressed. *Konidaris* involved a officer/debtor who failed to raise the issue of preemption and was held to have waived it.

Much discussion is devoted in the parties' briefs to the case of *District 2, United Mine Workers of America by Gormish v. Hinks,* 67 B.R. 883 (Bankr.W.D.Pa.1986). *Hinks* is distinguishable from the instant case. In *Hinks,* the defendant was an officer of a corporation which failed to pay amounts to employees *prepetition.* Upon learning that the employer, Associated Drilling, Inc. was unable to meet its payroll, the employees went on strike in August of 1984. Associated Drilling, Inc. then filed its voluntary chapter 11 petition in January of 1985. The employees had yet to return to work as of the filing. There is an important distinction between the failure to make payments prepetition versus postpetition. The applicability of the WPCL regarding prepetition failure is clear.

Here, Plaintiffs are attempting to recover postpetition payments of a prepetition obligation. In addition, unlike in *Hinks,* Shenango's plan of reorganization has been

confirmed. Several of the Plaintiffs hold allowed claims under the plan based upon the same amounts they are seeking to collect under the WPCL. The claimants are bound by the plan regardless of whether or not they voted favorably for it. Seeking payment under the WPCL is, in effect, seeking a double recovery of those amounts. The other Plaintiffs who do not already hold allowed claims are either in the process of a claims allowance proceeding or have entered into settlements regarding their claims. Depending on the outcome of their claims proceedings with Shenango, it may be that they will also hold allowed claims and be entitled to receive payments pursuant to the plan. The claimants are not without recourse.

*Conclusion*

■ A debtor-in-possession is not permitted to make payments prior to the confirmation of its plan on prepetition obligations. To impose an independent obligation on the officers of the debtor-in-possession for prepetition obligations that were not paid or fully paid postpetition would be to circumvent the distribution scheme provided by the bankruptcy code.

There is no language in the WPCL that includes debtors-in-possession or trustees in the definition of employer despite the fact that numerous other entities and individuals are specifically enumerated.

■ Claimants seeking recovery under the WPCL would have the opportunity to recover from two separate sources. This is especially true where the claimants hold allowed claims and the debtor has had a plan of reorganization confirmed. Additionally, such a result would provide the claimants with the opportunity to recover more than would otherwise be statutorily permissible under 11 U.S.C. § 502.(b)(4). Where a claimant seeks to recover postpetition payments on a prepetition debt which the debtor is not permitted to be make pursuant to the code, the WPCL is not applicable.

For the reasons expressed above, the motion for summary judgment filed by Defendant Andrew Aloe and Mark A. Aloe and the motion for summary judgment filed by Third Party Defendant Shenango Incorporated shall be granted. Accordingly, the motion for summary judgment filed by Plaintiffs at the district court which was referred to the bankruptcy court as well as the second motion filed in this court are denied. The complaint filed by Plaintiffs shall be dismissed with prejudice. An appropriate order shall be entered.