**In re JAMES E. LUNDEEN, SR., M.D., INC., Debtor.**

No. 09–51285.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Feb. 2, 2011.

---

Michael T. Gunner, Hilliard, OH, for Debtor.

## ORDER REGARDING MOTION FOR A TEMPORARY RESTRAINING ORDER AND OTHER INJUNCTIVE RELIEF (DOC. 139)

CHARLES M. CALDWELL, Bankruptcy Judge.

■ On January 31, 2011, James E. Lundeen Sr., M.D. ("Dr. Lundeen") filed a motion (Doc. 139) ("Motion") pursuant to § 105(a) of the Bankruptcy Code requesting a temporary restraining order and other injunctive relief against the City of Mansfield ("Mansfield"). The Motion is both procedurally and substantively defective. The Motion is procedurally defective in that a request for a temporary restraining order and other injunctive relief such as that requested by Dr. Lundeen requires an adversary proceeding. *See* Fed. R. Bankr.P. 7001(7).

■ More fundamentally, the Motion is substantively defective and would need to be denied even if an adversary proceeding had been commenced. Dr. Lundeen asks this Court to enjoin Mansfield from commencing and/or continuing its criminal prosecution in state court ("State Court Action"). The Anti–Injunction Act, however, prohibits the Court from enjoining the State Court Action. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

■ Although bankruptcy courts have recognized two exceptions to the applicability of the Anti–Injunction Act, neither applies here. Under the All Writs Act, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This exception does not apply here because the State Court Action does not threaten this Court's jurisdiction in the Chapter 7 case of James E. Lundeen, Sr., M.D., Inc. ("Lundeen Inc."). On May 13, 2010, the Court entered an Order Regarding Imminent Dismissal of Case (Docket No. 105), stating that "[u]nless a party in interest objects to dismissal within 14 days of the date of this order ... this case shall be dismissed without further notice or hearing." The only party in interest who responded was the Chapter 7 trustee, who stated that she "has been waiting for special counsel for the previous Trustee to prepare and file an application for compensation with the Court" and that "[a]s soon as the application has been filed and ruled upon, this case will be ready for closure." *See* Doc. 107. The Court has since entered an order for payment of compensation and expenses for counsel to the previous Chapter 7 trustee and the current Chapter 7 trustee. *See* Doc. 120. Moreover, on October 19, 2010, the Chapter 7 trustee filed her Final Report. The deadline for filing objections to the Final Report passed on November 24, 2010 without any objection being filed. Quite simply, this case is in a posture to be closed, and there is no reason for the Court to continue to exercise jurisdiction over it after closure. Granting the Motion is neither necessary nor appropriate in aid of the Court's jurisdiction. Accordingly, the All Writs Act provides no exception to the applicability of the Anti–Injunction Act.

The second exception to the applicability of the Anti–Injunction Act is § 105(a). *See Parker v. Goodman (In re Parker)*, 499 F.3d 616, 628 (6th Cir.2007). Relief under § 105 is not appropriate here and therefore provides no exception to the applicability of the Anti–Injunction Act. "[T]he granting of a § 105(a) injunction is a radical measure to be granted only in 'unusual circumstances' [where there is] an identity of interests between the debtor and third party such that a judgment against the third party will in effect be a judgment against the debtor." *Saleh v. Bank of America (In re Saleh)*, 427 B.R. 415, 420 (Bankr.S.D.Ohio 2010) (quoting *Am. Imaging Servs. v. Eagle–Picher Indus., Inc. (In re Eagle–Picher Indus., Inc.)*, 963 F.2d 855, 860 (6th Cir.1992)). The Court finds no such identity of interest between Lundeen Inc. and Dr. Lundeen here given that: (1) the Chapter 7 Trustee, not Dr. Lundeen, is the party representing the interests of the estate of Lundeen Inc.; and (2) Dr. Lundeen previously represented that he ceased the operations of the Debtor in November 2007 (before the Debtor's bankruptcy case was commenced on December 13, 2007). *See* Transcript of June 25, 2009 hearing at 10–11, 15 (Docket No. 168 in Case No. 09–51277). Moreover, the cases cited by Dr. Lundeen in the Motion are inapposite. *See Belculfine v. Aloe (In re Shenango Group, Inc.)*, 186 B.R. 623 (Bankr.W.D.Pa. 1995); *Bicro Corp. v. Mackes (In re Bicro Corp.)*, 105 B.R. 255 (Bankr.M.D.Pa.1988); *Dettler Farms v. Clark Community Oil Co. (In re Dettler Farms)*, 58 B.R. 404 (Bankr.D.S.D.1986); *In re Jerzak*, 47 B.R. 771 (Bankr.W.D.Wis.1985); *In re Caldwell*, 5 B.R. 740 (Bankr.W.D.Va.1980). Those cases all involved individual debtors or corporate debtors in Chapter 11 cases, and all such debtors are eligible for a discharge. By contrast, this is a Chapter 7 case of a corporate debtor, Lundeen Inc., which is not eligible to receive a discharge. *See* 11 U.S.C. § 727(a)(1). In addition, the cases cited by Dr. Lundeen all involved direct actions against the debtors and/or actions that would have had an impact on the bankruptcy estates of those debtors. Indeed, "cases under section 105 which seek to extend the stay or enjoin suits against parties related to a debtor ... require a showing of an adverse impact on the estate if the suit continues." *Sabratek Corp. v. LaSalle Bank, N.A. (In re Sabratek Corp.)*, 257 B.R. 732, 735 (Bankr.D.Del. 2000). Balancing the four factors to be considered in connection with a request for a preliminary injunction—the likelihood of success on the merits, irreparable injury, the harm to others and the public interest—the Court concludes that a preliminary injunction or other injunctive relief cannot be issued here. In particular, given the facts set forth above regarding the status of the bankruptcy case of Lundeen Inc., there is no basis for finding any adverse impact on, let alone irreparable harm to, the estate of Lundeen Inc. that would warrant issuing a temporary restraining order or other injunctive relief. Dr. Lundeen's arguments regarding the effect of Mansfield's actions on him personally are arguments to be heard and decided by the state court, not this Court. For the foregoing reasons, the Motion is **DENIED.**

**IT IS SO ORDERED.**